## STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
*Respondent,*

*v.*

## SOMMERHOLDER,
*Appellant,*

(122902; CA A26985)

671 P2d 1194

Robert K. Udziela, Portland, argued the cause for appellant. With him on the briefs were Garry L. Kahn and Pozzi, Wilson, Atchison, Kahn & O'Leary, Portland.

Ralph C. Spooner, Salem, argued the cause for respondent. With him on the brief was Williams & Spooner, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

YOUNG, J.

**YOUNG, J.**

This is an action for declaratory relief under ORS ch 28. The issue is whether plaintiff, as the insurer separately of both vehicles involved in a collision, is entitled to offset personal injury protection (PIP) benefits paid under one policy of insurance against the liability limits available under the other policy. The trial court granted plaintiff's cross-motion for summary judgment and ruled that plaintiff could offset the amount that it paid to defendant Sommerholder, pursuant to the PIP coverage contained in her host-driver's policy, against the liability limits of the policy insuring the other vehicle. On appeal, defendant argues that plaintiff is not an "other insurer" under ORS 743.825 and that the rights of the insurer should not take priority over the rights of its injured insured under ORS 743.828 and ORS 743.830. Defendant Sommerholder is not claiming a right to a "double recovery." The special damages here exceed the total of the at-fault party's liability limits and the PIP benefits furnished.

Defendant[1] was a passenger in a vehicle operated by Gobin, who was insured by plaintiff. The Gobin vehicle was in a collision with a vehicle driven by Twyla Boundy, who was also insured by plaintiff and who drove her vehicle across the center line, colliding with the Gobin vehicle. The parties agree that defendant's special damages (medical expenses and lost wages) exceed $37,500.

Plaintiff, under the terms of the Gobin policy, furnished defendant $10,589.50 ($5,000 toward medical expenses and $5,589.50 in lost wages) in PIP benefits. The Boundy policy contains liability limits of $25,000. The trial court granted summary judgment and ordered:

> "Plaintiff shall have judgment against defendant ---, and plaintiff shall be entitled to offset the $10,589.50 paid as PIP benefits for [defendant] under the policy of insurance issued to * * * Gobin against the liability limits of $25,000 contained in the policy of insurance issued to * * * Boundy."[2]

---

[1] Defendants Gobin, Twyla Boundy and William Boundy were initially joined as defendants. The matter was bifurcated, and judgment was entered against these defendants. No appeal was taken. The judgment appealed from in the present action is against defendant Sommerholder, to whom we refer as defendant.

[2] Plaintiff alleged in its complaint that it is entitled to reimbursement and offset "pursuant to ORS 743.825 and/or 743.828, 743.830, 743.835, and 18.510." The trial court did not specify on which of the statutes it relied to grant plaintiff summary judgment.

Oregon Laws 1971, ch 523, made it mandatory for most motor vehicle insurance policies issued in Oregon to include PIP coverage. ORS 743.800(1). PIP benefits are paid without regard to fault when an insured suffers injury as a result of a motor vehicle accident. "The obvious purpose of ORS 743.800 - 743.835 is to provide, promptly and without regard to fault, reimbursement for some out-of-pocket losses resulting from motor vehicle accidents." *Perez v. State Farm Mutual Ins. Co.,* 289 Or 295, 300, 613 P2d 32 (1980). The PIP statutes add to the tort liability insurance system and do not affect tort liability.

After amendments in 1975, there are now three mutually exclusive methods by which an insurer may obtain reimbursement of PIP benefits furnished to its injured insured. The first, ORS 743.825, governs interinsurer reimbursement of benefits. This statute enables the insurer of the injured insured to be reimbursed by the at-fault party's insurer, ORS 743.825(1), provides a method for calculating the reimbursement, ORS 743.825(2), and provides for settlement of disputes between insurers by arbitration. ORS 743.825(3).

The second method, ORS 743.828, provides for reimbursements out of any recovery by the injured insured from the at-fault party, so long as the reimbursed insurer has not been a party to an interinsurer reimbursement proceeding under to ORS 743.825. ORS 743.828(1). When an insurer has served notice on the person making the claim of its election to seek reimbursement, the insurer has a lien against the claim for the PIP benefits that it has furnished. ORS 743.828(3)(a). Under the third method, when interinsurance reimbursement is not available and the insurer does not elect recovery by lien, the insurer may exercise subrogation rights under ORS 743.830.

Defendant contends that ORS 743.825(1) applies only to those situations when there is more than one insurer. She argues that, where the plaintiff is the insurer of both vehicles, it is not an "other insurer" entitled to interinsurer reimbursement under ORS 743.825(1) (as amended by Oregon Laws 1975, ch 784, § 6), which provides:

"Every authorized motor vehicle liability insurer whose insured is or would be held legally liable for damages for

injuries sustained in a motor vehicle accident by a person for whom personal injury protection benefits have been furnished by another such insurer, or for whom benefits have been furnished by an authorized health insurer, shall reimburse such other insurer for the benefits it has so furnished if it has requested such reimbursement, has not given notice as provided in ORS 743.828 that it elects recovery by lien in accordance with that section and is entitled to reimbursement under this section by the terms of its policy."

Once tort liability is determined, reimbursement by the at-fault party's insurer pursuant to ORS 743.825(1) becomes the basis of an offset against a judgment entered in favor of the injured party. ORS 18.510(2);[3] *Koberstein v. Sierra Glass Co.,* 65 Or App 409, 671 P2d 1190 (1983). Defendant does not dispute that ORS 743.825(1) requires the at-fault party's insurer to reimburse the injured party's insurer for PIP benefits. Accordingly, the question becomes whether the legislature intended to allow an insured full tort recovery undiminished by reimbursement rights of the insurer, when the insurer is the insurer of both vehicles involved.

Both the 1971 version and the 1975 version of ORS 743.825(1)[4] refer to "other insurer," "another insurer," and "between insurers." Read literally, present ORS 743.825(1) appears to govern reimbursement of PIP benefits only when more than one insurer is involved. We have found little legislative history that is of assistance. An explanation of ORS

---

[3] ORS 18.510(2) provides:

"If judgment is entered against a party who is insured under a policy of liability insurance against such judgment and in favor of a party who has received benefits that have been the basis for a reimbursement payment by such insurer under ORS 743.825, the amount of the judgment shall be reduced by reason of such benefits in the manner provided in subsection (3) of this section."

[4] Former ORS 743.825(1) provided:

"Every insurer that transacts motor vehicle liability insurance, if its insured is or would be held legally liable for damages for injury sustained by a person to whom benefits required by ORS 743.800 have been *furnished by another insurer,* or for whom benefits have been furnished by a health insurer, or health care service contractor, shall reimburse *such other insurers* and other contractors furnishing such benefits for the benefits so furnished in an amount not to exceed the damages so recoverable if the *other insurer* and contractor are entitled to such reimbursement by the terms of their policy or agreement. Disputes *between insurers* and contractors as to the issues of liability and the amount of the reimbursement required by this subsection shall be decided by arbitration." (Emphasis supplied.)

743.825(1) in the Minutes of the House Committee on Labor and Business Affairs, April 27, 1975, Exhibit H, p 6, says:

"A key principle of Oregon's PIP law is that the insurer of the negligent party in a motor vehicle accident should be the ultimate bearer of the accident insurance expenses. Where the involved insurers are all authorized to do business in Oregon this can be accomplished through the interinsurer reimbursement procedure provided by this section, with mandatory arbitration of disputes."

Defendant argues that that comment supports her position that the legislature intended the statute to apply to multiple insurers and not when there is only one insurer. The difficulty is that there is no rational basis for treating the two situations differently. Under ORS 743.825(1), if there were two insurers, defendant would be limited in her recovery to $25,000 from the insurer of the party at fault, reduced by the amount of PIP benefits furnished by her insurer. ORS 18.510(2); *Koberstein v. Sierra Glass Co, supra.* We see no principled reason why the amount defendant is entitled to receive should be increased by the amount of PIP benefits by the fortuity of the same insurer insuring both vehicles. Defendant does not articulate, nor can we formulate, a legislative policy that would be served by allowing reimbursement and offset to a different insurer but refusing the same offset to the same insurer of both vehicles. We conclude that, to the extent plaintiff insured different vehicles by different policies, it is an "other insurer" under ORS 743.825(1), and the trial court was correct when it granted summary judgment for plaintiff.

Affirmed.[5]

---

[5] In view of our holding, it is unnecessary to consider ORS 743.828 (lien) and ORS 743.830 (subrogation).