Argued and submitted December 9, 1987, reversed and remanded with instructions January 13, reconsideration denied March 25, petition for review denied April 18, 1988
(305 Or 576)

# McMULLIN,
*Appellant,*

*v.*

# MURPHY,
*Respondent.*

## (A8405-03280; CA A40071)

748 P2d 171

Allen Reel, Beaverton, argued the cause for appellant. With him on the brief were Moomaw, Miller & Reel, Beaverton.

Thomas M. Christ, Portland, argued the cause for respondent. With him on the brief were Mitchell, Lang & Smith, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Plaintiff brought this action for malpractice and fraud arising, *inter alia,* out of the defendant dentist's misrepresentations to her regarding the fees that he and the hospital whose facilities he used would charge to fit plaintiff with dentures. Plaintiff alleged in her fraud claim that "defendant either knew that the representations were false or made such representations recklessly without knowledge of their truth or falsity." The jury was instructed that it could base a verdict *for plaintiff* on the fraud claim on a finding of either intentional or reckless misrepresentations and a finding of either an actual intent to mislead or a reckless disregard for whether the representations would mislead plaintiff. However, the special verdict form submitted to the jury did not differentiate between intentional and reckless fraud. The jury found for defendant on the negligence claim, found that "defendant [was] fraudulent in his conduct toward plaintiff" and awarded compensatory and punitive damages. Defendant then moved for judgment notwithstanding the verdict, solely on the issue of punitive damages, contending that there was insufficient evidence to support their imposition. The trial court granted the motion. Plaintiff appeals, assigning error to that ruling.[1] We reverse and instruct the trial court to enter judgment on the verdict.

The only issue is whether there was sufficient evidence to support the jury's award of punitive damages. Defendant argues that there was no evidence of "aggravated misconduct" on his part and, therefore, that there was no basis for the jury's award of punitive damages. However, he does not assign error to or make an issue on appeal of the jury's finding of fraud or anything else in the proceedings pertaining to liability or compensatory damages. *See Artman v. Ray,* 263 Or 529, 501 P2d 63, 502 P2d 1376 (1972). Plaintiff argues, *inter alia,* that under Oregon case authority, "punitive damages are always available in a fraud case to deter fraudulent conduct."

■ On a number of occasions, Oregon appellate courts have suggested, without so holding, that proof of *intentional*

---

[1] Plaintiff makes one other assignment, which she agrees that we need not reach if we rule in her favor on her first assignment.

fraud *ipso facto* carries with it sufficient evidence to support a finding of the aggravated or wanton misconduct necessary to warrant the imposition of punitive damages.[2] The Supreme Court came the closest to saying that overtly in *Green v. Uncle Don's Mobile City,* 279 Or 425, 568 P2d 1375 (1977):

> "We have consistently held that the intentional statement of an untruth for the purpose of taking a plaintiff's money is the violation of a societal interest sufficiently great to warrant punitive damages." 279 Or at 432.

Later, in *Schmidt v. Pine Tree Land Dev.,* 291 Or 462, 631 P2d 1373 (1981), the court prefaced its discussion of when punitive damages may be recovered in cases of reckless fraud by stating:

> "The function of punitive damages to penalize harmful acts done with a bad motive may ordinarily justify liability for such damages in cases of intentional fraud * * *." 291 Or at 465.

*See also Weigel v. Ron Tonkin Chevrolet Co.,* 298 Or 127, 690 P2d 488 (1984); *Millikin v. Green,* 283 Or 283, 583 P2d 548 (1978); *Haag v. Cembellin,* 89 Or App 75, 748 P2d 143 (1987); *2-D's Logging v. Weyerhaeuser,* 53 Or App 677, 632 P2d 1319, *rev den* 292 Or 109 (1981).

■     The precise findings that a jury must make to award punitive damages, *e.g.,* aggravated or wanton misconduct, deliberate disregard for the rights of others or intentional infliction of harm, are not identical to the elements of intentional fraud. However, we conclude that evidence sufficient to support the former is necessarily encompassed by evidence which sufficiently proves the latter. To establish intentional fraud, a plaintiff must prove, among other things, that the defendant made a false representation with knowledge of its falsity and with the purpose of or knowledge that he was misleading the defendant. *See U.S. National Bank v. Fought,*

---

[2] The court instructed the jury that, to award punitive damages, it had to find that defendant was guilty of "wanton misconduct," which it defined as "conduct amounting to a particular aggravating, deliberate disregard of the right[s] of others." That instruction is not challenged, and it is correct. *See, e.g., Wolf v. Nordstrom,* 291 Or 828, 834-35, 637 P2d 1280 (1981); *Crooks v. Payless Drug Stores,* 285 Or 481, 488-89, 592 P2d 196 (1979), and authorities there cited; *Chamberlain v. Jim Fisher Motors, Inc.,* 282 Or 229, 237-38, 578 P2d 1225 (1978), and authorities there cited; *Noe v. Kaiser Foundation Hosp.,* 248 Or 420, 425, 435 P2d 306 (1967); *McElwain v. Georgia-Pacific,* 245 Or 247, 249, 421 P2d 957 (1966).

291 Or 201, 220-25, 630 P2d 337 (1981). Deliberate disregard for the plaintiff's rights or intent to harm the plaintiff is inherent in those elements of the tort. Therefore, conduct which constitutes intentional fraud is susceptible by its nature to the characterization of "aggravated" or "wanton," as those terms have been defined in the Oregon punitive damages cases. *See* n 2, *supra.* We do not suggest that a *finding* of aggravated or wanton misconduct *must* follow from a finding of intentional fraud. *See McGregor v. Barton Sand & Gravel, Inc.,* 62 Or App 24, 29, 660 P2d 175 (1983). The question is whether evidence sufficient to establish intentional fraud is also necessarily *sufficient to support* the requisite findings for the imposition of punitive damages, without additional or independent evidence pertaining to the culpability of the defendant's conduct or state of mind. We hold that it is.[3] The

---

[3] The same is not true of unintentional misrepresentation. The Supreme Court has made clear that, unless there is evidence that the defendant's conduct or state of mind was aggravated in ways which go beyond the mere fact of recklessness, an award of punitive damages cannot be based on reckless misrepresentations. *Weigel v. Ron Tonkin Chevrolet Co., supra; Schmidt v. Pine Tree Land Dev., supra; Chamberlain v. Jim Fisher Motors, Inc., supra* n 2. We cannot ascertain from the verdict or the proceedings whether the jury found intentional fraud or found that defendant's misrepresentations were reckless. Defendant now argues that the evidence showed that his misrepresentations were simply "an honest mistake" and, therefore, could not amount to "aggravated misconduct" justifying punitive damages. However, as we have noted, his motion for judgment *n.o.v.* and his contentions here relate only to the punitive damages award. He does not assign as error or argue that the court erred by submitting the intentional fraud theory to the jury or in any other way in connection with that theory of liability. He therefore does not *and cannot* ask that we hold that there was insufficient evidence to support a finding of intentional fraud.

We have considered whether defendant's arguments require us to determine whether there was *also* evidence of aggravated or wanton misconduct, *independent* of the proof of intentional fraud, which would have permitted the imposition of punitive damages if the jury had found that the fraud was reckless rather than intentional. In *Schmidt v. Pine Tree Land Dev., supra,* the court departed from usual preservation principles and held that the defendants' assignment challenging the trial court's denial of their motion to withdraw the punitive damages claim from the jury was reviewable, although the defendants had not moved for a directed verdict on the underlying fraud claim and were consequently precluded on appeal from questioning the liability finding or the adequacy of the evidence to support it. The fundamental distinction between this case and *Schmidt* is that there, according to the Supreme Court, the "plaintiff's theory of fraud was that defendants were 'reckless' * * *, not that defendants deliberately tried to profit by [their conduct]." 291 Or at 465. Therefore, the trier of fact in *Schmidt* could only have found that the defendants' misrepresentation was reckless, and there could have been no finding of intentional fraud to serve as the predicate for the punitive damages award.

In this case, there could have been such a finding. The unchallenged liability finding in *Schmidt* was irrelevant to whether punitive damages could be assessed, because, as the court held there, the reckless conduct which was the only possible basis

trial court erred by granting the judgment *n.o.v.*

Reversed and remanded with instructions to reinstate the verdict and enter judgment thereon.

---

for liability could not justify punitive damages unless there was also evidence of aggravating factors, which the defendants asserted was lacking. In this case, conversely, the unchallenged sufficiency of the evidence of intentional fraud renders immaterial the asserted absence of independent evidence of aggravated or wanton misconduct. We do not think that the court intended in *Schmidt* to extend the reviewability of punitive damages awards to situations such as this, where the support for punitive damages is to be found in the same evidence which supports an unquestioned liability finding. We also consider it immaterial to our decision that the jury could have found that defendant's conduct was reckless rather than intentional. The issue is not what the jury *in fact* found, but whether there was *sufficient evidence* from which it *could* find the predicate facts necessary to assess punitive damages. There was sufficient evidence to support a finding of intentional fraud, and, for the reasons we have stated, there was therefore evidence from which the jury could have found the necessary facts to impose punitive damages.