Argued and submitted May 20, 1987, affirmed February 10, 1988

NORTHWEST INTERNATIONAL TRUCKS, INC.,
*Respondent,*

*v.*

SCHIERMEISTER et al,
*Appellants.*

(607343; CA A41800)

749 P2d 1216

Michael Schumann, Portland, argued the cause for appellants. With him on the brief was Steenson, Fontana, Schumann & Ellis, Portland.

William D. Bailey, Portland, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Defendants appeal a judgment for plaintiff for general and punitive damages for fraud. They assign as error that the court denied their motion for a directed verdict on punitive damages and their request for attorney fees. We affirm.

Defendants, father and son, are partners. The father took a damaged partnership truck to plaintiff's body shop for repair. After plaintiff repaired the truck, the son paid the repair bill of $3116.57 with a partnership check and plaintiff released the truck. Checks over $1,000 on the partnership bank account, however, required approval by two authorized signators. When the bank requested approval, the father refused to authorize payment, and the bank refused to honor the check.

Plaintiff pleaded that defendants (1) issued an NSF check and are liable for the face amount of the check plus penalties and reasonable attorney's fees, ORS 30.700; ORS 20.090; (2) fraudulently issued the check and are liable for general and punitive damages; and (3) are liable for the reasonable value of the repair services to their truck. Defendants filed counterclaims for damages, alleging that plaintiff did repair work without authorization and also that they were entitled to an adjustment on the repair bill for the value of the old hood which plaintiff replaced and kept. The jury rejected plaintiff's first claim but gave a verdict to plaintiff on its second and third claims, including $3016.57 general damages, and $2500 punitive damages on the fraud claim. It awarded defendants $750 on their counterclaim for the value of the old hood but rejected defendants' other counterclaim. The court, accordingly, entered a net judgment for plaintiff of $5,118.77, including $352.20 costs.

■     Defendants first assert that the evidence of malice was not sufficient to submit the issue of punitive damages to the jury. The court did not err when it denied defendants' motion for a directed verdict on punitive damages. There is sufficient evidence to support a finding of intentional fraud; therefore, there is sufficient evidence from which the jury could find the necessary facts to impose punitive damages. *McMullin v. Murphy,* 89 Or App 230, 748 P2d 171 (1988).

■ ■　Defendants next contend that they are entitled to attorney fees, because they are the prevailing party on plaintiff's NSF claim. ORS 20.090 provides, in part, that

> "in any action against the maker of any check * * * which has been dishonored for lack of funds or credit to pay the same or because payment has been stopped, the court shall allow a reasonable attorney fee at trial and on appeal to the prevailing party, in addition to disbursements."

That statute does not define "prevailing party." The definition in ORS 20.096(5) specifically does not apply to ORS 20.090.[1] Nonetheless, if only for the sake of consistency, we give the same definition to "prevailing party" in ORS 20.090 as in ORS 20.096(5). Although defendants prevailed on the NSF claim and recovered $750 on their counterclaim for the value of the hood, plaintiff received a net judgment in the action. Defendants are not the "prevailing party" within the meaning of ORS 20.090. There can only be one "prevailing party," *Marquam Investment Corp. v. Myers,* 35 Or App 23, 581 P2d 545, *rev den* 284 Or 341 (1978), and that is plaintiff. The court did not err when it denied defendants' request for attorney fees. *See Zidell v. Greenway Landing Development Co.,* 89 Or App 525, 749 P2d 1210 (1988).

　　　Affirmed.

---

[1] ORS 20.096(5) provides:

"Except as provided in ORS 20.015 [prevailing party on appeal], as used in this section and ORS 20.097, 'prevailing party' means the party in whose favor final judgment or decree is rendered."