Argued and submitted September 7, judgment of the Tax Court awarding attorney fees reversed; otherwise affirmed October 26, 1989

DENNEHY,
*Appellant-Cross Respondent,*

*v.*

DEPARTMENT OF REVENUE,
*Respondent-Cross Appellant.*

(TC 2395; SC S35954)

781 P2d 346

Gregory J. Howe, Portland, argued the cause and filed the briefs for Appellant-Cross Respondent.

Marilyn J. Harbur, Assistant Attorney General, Salem, argued the cause for Respondent-Cross Appellant. With her on the briefs was Dave Frohnmayer, Attorney General, Salem.

GILLETTE, J.

## GILLETTE, J.

This case involving plaintiff Dennehy's Multnomah County property taxes is before this court for the third time. In the first case, *Dennehy v. Dept. of Rev.,* 295 Or 574, 668 P2d 1210 (1983) (*Dennehy I*), we held that plaintiff could not challenge his Multnomah County property tax assessment before the Tax Court until he had exhausted his administrative remedies. In the second case, *Dennehy v. Dept. of Rev.,* 305 Or 595, 756 P2d 13 (1988) (*Dennehy II*), this court ruled against plaintiff on two of his three claims but agreed that the practice followed by defendant of "rounding up" property tax levy rates to the next whole cent was unconstitutional as violating the limitation of Oregon Constitution, Article XI, section 11. We remanded the case to the Tax Court "for such further proceedings, including possible proceedings before the Department of Revenue, as the court deems necessary and consistent with this opinion." *Id.* at 610.

On remand in the Tax Court, plaintiff contended, *inter alia,* that the Tax Court should order a refund not just to him but to all taxpayers similarly situated and, further, should award him attorney fees in recognition of the benefit to the public achieved by his efforts in having the practice of "rounding up" declared unconstitutional. The Tax Court denied the requested relief for taxpayers other than plaintiff, but did award plaintiff an attorney fee of $18,000. Plaintiff appeals from the Tax Court's judgment, contending that the court erred (1) in failing to award refunds to the public at large and (2) in failing to award him an appropriate attorney fee, which he claims would amount to $200,000. Defendant Department of Revenue cross-appeals, contending that the Tax Court erred in awarding any attorney fee. We affirm on the appeal, but reverse on the cross appeal.

The parties agree that, as a result of the practice this court held unconstitutional in *Dennehy II,* sums in excess of the tax levies permitted by Oregon Constitution, Article XI, section 11, had been levied by taxing units across the state, although they disagree as to the amount improperly levied. They devote a significant amount of their briefing to why one or another method of refunding the overage should (or should not) be used. This is not the case in which to resolve definitively that dispute.

The only statutory provision governing refunds to classes of taxpayers is ORS 311.806(2), which states in part:

> "No such refund shall be allowed or made after six years from the assessment date for the fiscal year for which the taxes were collected unless before the expiration of such period a written claim for refund of the collection is filed by the taxpayer with the county governing body. * * * However, upon written request of the Director of the Department of Revenue or with the approval of the tax collector, the county governing body may order a refund of taxes paid to any taxpayer or class of taxpayers without the filing of a written claim. The request of the department shall be considered an order for the purpose of ORS 311.812(2)(b)."

This is not a case in which either (1) the Director has "requested," or (2) the tax collector has approved such a refund. Moreover, the mechanism by which a taxpayer might cause either of these events is obscure. The Director's authority appears discretionary. The authority of the county tax collector may be less so, but this is not a case by plaintiff or a class against a tax collector. The Tax Court had no authority in this proceeding to order the relief plaintiff seeks.

It is true, as we held in *Dennehy II,* that levies have exceeded the constitutionally permissible limit. But each levy pertains to many pieces of property; many tax assessments (and many taxpayers) are individually involved. The various taxing authorities may have had a duty to refund overages after this court handed down its decision in *Dennehy II,* but the duty extends to individual taxed parcels and those who pay the taxes on them. The way each tax authority might choose to carry out its duty was a matter for that authority to decide. Some authorities, for example, might find it politically appropriate to direct a percentage deduction on the next fiscal year's tax assessment for each affected tax lot. Another authority might choose to refund those overages that were specifically and timely protested, *see* ORS 311.806(1), but no others. Such decisions were for the taxing authority involved, the tax collector, or the Director.[1]

---

[1] Defendant also argues that, strictly speaking, the Tax Court's authority to deal with specific claims of violation of Or Const Art XI, § 11, arises only after a taxpayer has exhausted administrative remedies. *Dennehy I.* Plaintiff is the only such taxpayer whose case was before the Tax Court here. To order some action with respect to all other taxpayers similarly situated (none of whom, for all that appears in this record, have exhausted their administrative remedies) would therefore exceed the Tax Court's authority. Our ruling in this case does not require us to decide whether this argument is correct.

From the foregoing, it follows that the Tax Court's refusal to adjudicate other potential claims was correct. That portion of the decision and judgment of the Tax Court is affirmed.

Plaintiff contends that, even if he cannot effect the refund of all impermissible tax assessment increments in this case, he nonetheless should be entitled to an award of a $200,000 attorney fee that reflects the value of the benefit his efforts have conferred on other taxpayers.

■ As a general proposition, an Oregon court can award attorney fees only when such fees are provided for by a contract or statute. *See Samuel v. Frohnmayer,* 308 Or 362, 779 P2d 1028 (1989) (explaining and applying rule). This is not a contract action. As for statutory law, ORS 305.490 provides that in appeals to the Tax Court that court may, under appropriate circumstances, award attorney fees to taxpayers in personal income tax, gift, and inheritance cases.[2] There is no similar provision concerning appeals involving property tax assessments. Where the legislature has chosen to make attorney fees available in a limited number of situations, it is inappropriate for this court to expand on the legislative decision. *Id.* at 368-69. The Tax Court had no statutory authority to award attorney fees.

Plaintiff argues that such fees should be awarded nonetheless because of the great benefit to the public achieved by his case, citing *Deras v. Myers,* 272 Or 47, 535 P2d 541 (1975). *Deras* was a proceeding in equity seeking an injunction against the enforcement of certain election laws. The plaintiff was not seeking to vindicate any pecuniary or other special interest of his own aside from that shared with the public at large. In addition, the legislature had not seen fit to authorize

---

[2] ORS 305.490(2)(a) provides:

"If, in any proceeding under this section involving taxes upon or measured by net income in which an individual taxpayer is a party, or involving gift or inheritance taxes, the court grants a refund claimed by the executor or taxpayer or denies in part or wholly an additional assessment of taxes claimed by the department to be due from the estate or taxpayer, the court may allow the taxpayer, in addition to costs and disbursements:

"(a) Reasonable attorney fees for the proceedings under this section and for the prior proceedings in the matter, if any, before the department[.]"

the award of attorney fees to parties in some species of lawsuits over the election laws, but not in others. The present case, by contrast, involves a personal pecuniary interest of the plaintiff (*albeit* a very small one), *i.e.,* it is an action at law in which plaintiff sought a declaration of his rights and the return of money. No injunctive or other equitable relief was sought or granted. Furthermore, the action was brought in a court that has been granted limited and circumscribed authority to award attorney fees in certain cases. *Deras* is not applicable. *See Samuel v. Frohnmayer, supra; Cook v. Employment Division,* 293 Or 398, 649 P2d 594 (1982).

The Tax Court erred in awarding plaintiff an attorney fee. The judgment of the Tax Court awarding attorney fees is reversed; the judgment of the Tax Court is otherwise affirmed.