Elizabeth ADAMS,
Jean Ady, Merrilin Fabian, Jane Howard,
Bonnie McCauley, Ruby Noji, Sue O'Reilly,
Cheryl Otos-Tompkins, Elena Ottoboni,
Stuart Pemble-Belkin, Edit Rozman,
Sue Shaver, Karoline Torrey, Eugene Whitney,
Pat Whitney, Martha Wolf,
*Respondents,*

*and*

Gene MECHANIC
and Goldberg, Mechanic and Goldstein,
*Respondents,*

*v.*

STATE OF OREGON,
by and through its Bargaining Unit Benefits Board,
State Employment Benefits Board and
Department of Human Resources, Adult and Family
Services Division; Public Employees Retirement System;
Port of Portland; Metropolitan Services District;
Multnomah County; Clackamas County; Washington County;
City of Oregon City; City of Tigard; City of Gresham;
City of Beaverton; City of Milwaukie; City of Portland;
Tri-Met; Clackamas Community College District;
Mt. Hood Community College District;
Portland Community College District;
Beaverton School District No. 48J;
Tigard School District No.23J;
David Douglas School District No. 40;
Gresham School District No. 4 and No. U2-20JT;
Hillsboro Union High School No. 3JT;
Hillsboro Elementary School District No. 7;
Parkrose School District No. 3;
Reynolds School District No. 7;
Centennial School District No. 28J;
North Clackamas School District No. 12
and West Linn District No. 3J;
*Defendants,*

*and*
## CITY OF HILLSBORO,
*Appellant.*
(A8807-03682; CA A60791)

798 P2d 244

Carrell F. Bradley, Hillsboro, argued the cause and filed the briefs for appellant.

Marc D. Blackman, Portland, argued the cause for respondents. With him on the brief was Gene Mechanic, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

This appeal is by defendant City of Hillsboro (Hillsboro) from the trial court's denial of its claims for attorney fees and sanctions against plaintiffs and plaintiffs' attorneys, Mechanic and the Goldberg, Mechanic and Goldstein law firm. ORS 20.105; ORCP 17. We affirm.

The underlying action arose out of a 1988 labor dispute between three unions and Kaiser Foundation Health Plan of the Northwest (Kaiser). Plaintiffs, who are taxpayers of Hillsboro but not union employees, were solicited by union representatives to pursue a declaratory judgment proceeding against various entities that had contracts with Kaiser.[1] Kaiser's nurses were on strike, as a result of which services to patients were reduced. Hillsboro's contract provided that premium payments to Kaiser would not be forgiven in the event of a labor dispute. Plaintiffs' claim against Hillsboro was that by continuing to pay Kaiser for services that were not received, the city was unconstitutionally lending credit to Kaiser in violation of Article XI, section 9, of the Oregon Constitution.[2]

After the strike against Kaiser was settled, plaintiffs sought to dismiss their lawsuit. Hillsboro would not agree to the dismissal, unless plaintiffs paid Hillsboro's costs and attorney fees. Plaintiffs refused.[3] After a hearing on Hillsboro's claim for fees under ORS 20.105, the trial court found that there was a factual and legal basis for the action and

---

[1] The unions formed a coalition for strike related purposes. Twelve lawsuits were also filed against private employers in the United States District Court for the District of Oregon.

[2] Article XI, section 9, provides, in pertinent part:

"No county, city, town or other municipal corporation, by vote of its citizens, or otherwise, shall become a stockholder in any joint company, corporation or association, whatever, or raise money for, or loan its credit to, or in aid of, any such company, corporation or association."

[3] Hillsboro originally sought sanctions as a counterclaim filed with its answer. On its own motion, the court struck the words "counterclaim" and inserted the words "affirmative defense." The judgment of dismissal preserved Hillsboro's right to seek sanctions, and Hillsboro then filed a motion for sanctions. An order was entered denying Hillsboro's "request" as set out in its answer and motion. Hillsboro's appeal is from that order.

denied Hillsboro's motion. It also refused sanctions under ORCP 17.[4]

■ We turn first to a threshold matter. Respondent attorneys argue that the appeal must be dismissed as to Goldberg, because Hillsboro did not name him personally as an adverse party in the notice of appeal. ORS 19.029; ORS 19.033. It is undisputed that the notice of appeal did not name Goldberg personally. The record shows that Goldberg, Mechanic & Goldstein is a partnership, and Hillsboro's designation of adverse parties makes it clear that Hillsboro treated the firm as an entity. The notice of appeal names as adverse parties "all of the plaintiffs; and Gene Mechanic; and Goldberg, Mechanic and Goldstein, Attorneys at Law." The notice of appeal shows service on "Mr. Gene B. Mechanic" and, separately, on the "Firm of Goldberg, Mechanic & Goldstein." The notice of appeal thus specifically names Mechanic as an individual, but not Goldberg. He is not an adverse party, and there is no basis on which to dismiss him personally.[5]

Turning to the merits, Hillsboro's characterization of the basis for the lawsuit differs fundamentally from that of

---

[4] ORCP 17 provides, in pertinent part:

"(A) Every pleading, motion and other paper of a party represented by an attorney shall be signed by at least one attorney of record who is an active member of the Oregon State Bar. A party who is not represented by an attorney shall sign the pleading, motion or other paper and state the address of the party. Pleadings need not be verified or accompanied by affidavit. The signature constitutes a certificate that the person has read the pleading, motion or other paper, that to the best of the knowledge, information and belief of the person formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

"* * * * *

"(C) If a pleading, motion or other paper is signed in violation of this rule, the court upon motion or upon its own initiative shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney fee."

[5] Plaintiffs' attorneys argue that sanctions cannot be levied against the firm, because Goldberg was the signing attorney. They contend that that conclusion follows because the United States Supreme Court has recently held, under the federal counterpart of ORCP 17, that sanctions are available only against the attorney who signed the challenged pleading. *Pavelic and LeFlore v. Marvel Group*, 493 US ___, 110 S Ct 456, 107 L Ed 2d 438 (1989). However, because of our disposition of the case, we need not determine whether ORCP 17 is only co-extensive with the federal rule.

plaintiffs. Hillsboro takes the position that the action was brought solely for the purpose of bringing economic pressure on Kaiser to help force a settlement of the labor dispute. It contends that the "real plaintiffs" were the unions and the lawyers[6] and that sanctions should be imposed against the nominal plaintiffs, because they lent their names to baseless litigation without any real concern for resolution of a dispute between them and the municipality. Plaintiffs, while not disputing that they were recruited by union personnel to bring the action, argue that they had a legitimate concern that their taxes were being used to pay for services that were unavailable because of the strike.

ORS 20.105(1) provides:

> "In any civil action, suit or other proceeding in a district court, a circuit court or the Oregon Tax Court, or in any civil appeal to or review by the Court of Appeals or Supreme Court, the court may, in its discretion, award reasonable attorney fees appropriate in the circumstances to a party against whom a claim, defense or ground for appeal or review is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim, defense or ground, upon a finding by the court that the party wilfully disobeyed a court order or acted in bad faith, wantonly or solely for oppressive reasons."[7]

Hillsboro argues that the trial court erred in refusing sanctions, because ORS 20.105 was designed to address the situation of a party bringing an action for collateral purposes. In *Portland Development Comm. v. CH2M Hill Northwest,* 92 Or App 43, 758 P2d 353, *rev den* 307 Or 77 (1988), the defendant seeking sanctions also claimed that the plaintiff had brought the action against it for collateral reasons. We discussed ORS 20.105 primarily as it relates to "bad faith." We concluded that an award of fees as a sanction for an action brought in bad faith must be based on a finding that the claim was brought without any basis in law or fact. 92 Or App at 50.

■　　　Plaintiffs could be held to have brought an action in

---

[6] The evidence showed that the unions were paying all costs and attorney fees and had agreed to indemnify plaintiffs for any sanctions that might be imposed.

[7] The action was dismissed pursuant to ORCP 54. Hillsboro, as the dismissed party, is considered the prevailing party. ORCP 54A(3). Under ORS 20.105(1), sanctions are available to the prevailing party.

bad faith, if there had been no basis on which to proceed. Hillsboro contends that plaintiffs' claim had no basis in law, because they brought the action as taxpayers. It argues that they should have known that they were without standing, because "no Oregon case and no case in any jurisdiction * * * allows a taxpayer to file a case against a municipality involving a contract that that person is neither a party to nor a beneficiary of." Hillsboro suggests that its position is supported by the fact that plaintiffs' first complaint was dismissed on the ground that they had not alleged facts specific enough to establish standing.

We do not agree. Although plaintiffs' original complaint did not establish their standing as taxpayers, they were allowed to replead. There is authority to suggest that a taxpayer whose burden will be augmented by an unlawful expenditure of public funds has standing to challenge the expenditure, even though the expenditure is made by contract. *See Hanson v. Mosser,* 247 Or 1, 427 P2d 97 (1967). There was precedent on which plaintiffs could base a reasonable claim of standing.

Hillsboro also claims that plaintiffs' action was without legal basis because, even if they had standing, it was "wacky to argue that the payment of a premium to Kaiser under a negotiated contract * *·* is in some manner the loaning of credit prohibited by the constitution." However, we need not determine the answer to plaintiffs' contention for the purpose of determining whether sanctions should have been imposed. The claim was not "wacky." Plaintiffs' attorneys based their analysis on *DeFazio v. WPPSS,* 296 Or 550, 679 P2d 1316 (1984), in which the Supreme Court held that a public body's unconditional promise to pay for services, whether or not the services were provided, was not unconstitutional. It so held, because the monies involved were from electric utility revenues and did not expose the government's general credit. 296 Or at 578. That holding provided a basis on which it was not unreasonable for plaintiffs' attorneys to conclude that, because Hillsboro's payments came partially from taxes, their position was legally supportable, either directly from, or by extension of, *DeFazio.* Plaintiffs' complaint was not without a basis in law or fact, and the trial court did not

err in denying sanctions on the ground that the complaint was brought in bad faith.[8]

■■ However, ORS 20.105 is in the disjunctive, and Hillsboro also contends that plaintiffs brought the action "solely for oppressive reasons," a separate, albeit not unrelated, standard from bad faith. While a claim that is brought in bad faith is one without a legal or factual basis, a claim brought for "oppressive reasons" may have a basis in law and fact. Our determination in *Portland Development Comm. v. CH2M Hill Northwest, supra,* of the meaning of bad faith does not preclude sanctions, if a lawsuit with a basis in law and fact has been brought *solely* for an improper motive.

A collusive lawsuit may therefore be subject to sanctions. However, the evidence here supported the trial court's finding that, even if plaintiffs shared the unions' motive to bring pressure on Kaiser to settle the strike, that was not plaintiffs' only concern. It found that plaintiffs had a genuine interest in the use of tax money. They did not bring the action solely for oppressive reasons, and there was no abuse of discretion by the trial court in denying Hillsboro's motion on that ground.

Affirmed.

---

[8] We also reject Hillsboro's argument that sanctions should have been awarded under ORCP 17 for actions taken after the dismissal in resisting Hillsboro's motion. Plaintiffs were not obliged to acquiesce in Hillsboro's position, and Hillsboro did not show that the defense against its motion was without a legal basis or for an improper purpose.