Argued and submitted February 19, reversed July 21, 1993

State ex rel Jeffrey BENZINGER,
Sharon Byers, Sandra Collins, Richard Friend,
Teddy Moulton, Blain Young, Sharon L. Allen,
Annie Barrow, Linda Carpenter, Susan Christensen,
Russell H. Fowler, James G. Harris,
Richard E. Hayes, Patrick McCallum,
Debra Ray-Spuhler, Delbert Smelser,
Philip Sterle, Jr., Stephen R. Sundstrom,
Bernard E. Torrance, Walter VanHooser
and Viola Walters,
*Respondents,*

*v.*

OREGON DEPARTMENT OF
INSURANCE AND FINANCE,
acting through the
Workers' Compensation Division Appellate Unit,
agencies of the State of Oregon,
and Larry Young,
*Appellants.*

(A9102-01201; CA A72945)

856 P2d 642

John T. Bagg, Assistant Attorney General, Salem, argued the cause for appellants. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Kevin Keaney, Portland, argued the cause for respondents. With him on the brief was Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

## LEESON, J.

Respondent Department of Insurance and Finance (DIF)[1] appeals from an award of attorney fees in a proceeding to compel agency action, ORS 183.490, and a subsequent contempt proceeding. We reverse.

When this case was first before us, we affirmed a judgment that the trial court entered in favor of one of several petitioners under ORCP 67B. *Benzinger v. Oregon Dept. of Ins. and Finance, supra* n 1. We held that ORS 656.268(6)(a) (*since amended by* Or Laws 1991, ch 502, § 1), required the Workers' Compensation Division to process a request for reconsideration of a claim closure within 15 days.

After that decision, the trial court authorized another petitioner, VanHooser, to represent a class of persons similarly situated in order to continue the proceeding as a class action. ORCP 32C.[2] The court's class determination order provided that notice to the class was neither required under ORCP 32F(1)(a) nor necessary under ORCP 32E(2). However, the court stated that DIF "may prepare a form of notice to be sent to the class at [DIF's] cost but which must either be stipulated to by [petitioners] or approved by the court upon motion and hearing."

Some of the remaining individual petitioners and the class representative filed motions for summary judgment, which were granted.[3] Relying on our first opinion, the trial court ordered DIF to issue reconsideration orders within the time limitation imposed by the statute, "regardless of whether the reconsideration process has been completed." The court entered a final judgment on August 23, 1991.

---

[1] The parties characterize themselves as plaintiff and defendant. However, ORS 183.490 provides that "upon petition," a court may compel an agency to act in prescribed situations. Consequently, we refer to the parties as petitioner and respondent and refer to the pleading that initiates the proceeding as a petition, not a complaint. We acknowledge that we have not always followed that practice in prior cases. *See, e.g., Benzinger v. Oregon Dept. of Ins. and Finance*, 107 Or App 449, 812 P2d 36 (1991), and *Wyer v. Dressler*, 41 Or App 799, 601 P2d 1268 (1979), *rev den* 288 Or 527 (1980).

[2] Several others remained in the proceeding as individual petitioners.

[3] DIF had issued reconsideration orders to some of the remaining individual petitioners during the course of the proceeding. The court dismissed their claims as moot.

DIF issued reconsideration orders to members of the class in compliance with the judgment. In those orders, DIF explained that it had not completed a substantive review of the requests for reconsideration, but that it was nevertheless denying them, because it was required to process them within 15 days of receipt pursuant to a class action judgment. The orders identified the lawsuit and the law firm representing the class. However, DIF did not obtain the prior approval of either the class representative or the court before sending those orders to members of the class.

The class representative considered the communication to be a contemptuous violation of the notification restrictions that the court had imposed in its class determination order. At petitioners' request, the court held a hearing to determine whether DIF and a responsible official of DIF should be held in contempt of court. *See former* ORS 33.040 (*repealed by* Or Laws 1991, ch 724, § 32). In an opinion letter dated October 16, 1991, issued after the show cause hearing, the trial court found that DIF was not in contempt. The court also stated that it was "prepared to receive [a] request for attorney fees."

On November 6, 1991, petitioners filed a petition for attorney fees for services performed on behalf of the class on the merits and for services performed in the contempt proceeding. DIF filed objections, which the court disallowed. On December 4, 1991, the court entered a judgment awarding fees. DIF appeals from that judgment, assigning error to the attorney fee award.

■ With respect to fees that were incurred to obtain the judgment on the merits on behalf of the class, DIF argues that the fee petition was untimely. We agree. ORCP 68C(4)(a)(i) provided[4] that a party seeking attorney fees was required to serve a verified and detailed statement of the amount of attorney fees sought "not later than 10 days" after entry of judgment. The court entered a final judgment disposing of all claims on August 23, 1991. The petition for attorney fees was not filed until November 6, 1991.[5] Because the attorney fee

---

[4] The Council on Court Procedures amended ORCP 68C(4) in 1990. The amendment became effective January 1, 1992. *See* ORS 1.735.

[5] In *Marquez v. Meyers*, 96 Or App 214, 772 P2d 437 (1989), we held that ORCP 15D gives the court authority to extend the time limitation when a party files a

petition was filed more than 10 days after entry of the final judgment, the court should have dismissed the fee petition on the ground that it was untimely.[6]

**2.** With respect to the fees that are related to the contempt proceeding, the court also erred, but for a different reason. In general, an award of attorney fees may be made only when a contract or a statute expressly authorizes them. *Dennehy v. Dept. of Rev.*, 308 Or 423, 781 P2d 346 (1989). Petitioners nevertheless rely on *Deras v. Myers*, 272 Or 47, 66, 535 P2d 541 (1975), where the court stated that "courts of equity have the inherent power to award attorney's fees." In *Dennehy v. City of Gresham*, 314 Or 600, 602, 841 P2d 633 (1992), the court explained that fees were appropriate in *Deras* because the plaintiff had "vindicated an important constitutional right applying to all citizens without any gain peculiar to himself."

■ Petitioners argue that the award of fees for services rendered in the contempt proceeding was a proper exercise of the court's inherent authority.[7] However, in *Deras* and in the case on which it relied, *Gilbert v. Hoisting & Port. Engrs.*, 237 Or 130, 384 P2d 136, 390 P2d 320, *cert den* 376 US 963 (1964), the party receiving the attorney fee award *prevailed*. Although petitioners prevailed in the proceeding to compel agency action, they did not prevail in the contempt proceeding. Nevertheless, the court awarded fees. There is no authority to award attorney fees to a nonprevailing party. *Buchanan*

---

supplemental attorney fee petition for post-judgment collection efforts. We review a court's exercise of that authority for abuse of discretion. In the case before us, the court did not grant petitioner an explicit extension of time under ORCP 15D. However, to the extent that its October 16 letter opinion did so implicitly, an extension of time on the facts in the record before us would be an abuse of discretion. Unlike the party in *Marquez* who could not include in his timely attorney fee petition a fee request for work his attorney had not yet performed, the record before us reveals no reason why petitioner could not have filed an attorney fee petition for work performed to obtain a judgment on the merits, on behalf of the class, within the time allowed by ORCP 68C.

[6] We express no opinion about whether petitioners would have been entitled to attorney fees if the petition had been timely filed.

[7] In 1991, the legislature enacted new contempt laws. ORS 33.105(1)(e) now authorizes a court to require payment of attorney fees "incurred by a party as the result of a contempt of court." Neither party argues that the new legislation authorizes fees in this case.

*v. Wood*, 79 Or App 722, 729-30, 720 P2d 1285, *rev den* 302 Or 158 (1986). *See also Lewis v. Dept. of Rev.*, 294 Or 139, 143, 653 P2d 1265 (1982). The court erred in awarding attorney fees.

Reversed.