Argued and submitted April 12, reversed and remanded November 3, 1993

Tom DAVIS
and Shari Shattuck Davis,
*Respondents,*

*v.*

Grace LEEK,
*Appellant.*

(90CV286; CA A75348)

862 P2d 548

Paul Pierson argued the cause and filed the briefs for appellant.

Patrick R. Foley filed the brief for respondents.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

DEITS, P. J.

## DEITS, P. J.

Defendant, the prevailing party below, appeals a supplemental judgment that denied an award of costs, disbursements and attorney fees on the ground that defendant's signed and detailed statement of costs and fees was untimely filed under ORCP 68C(4)(a). We reverse and remand.

On April 13, 1992, the trial court clerk filed a judgment awarding damages to defendant in the amount of $1,500 and granting judgment for defendant's costs, disbursements and attorney fees.[1] The judgment was not entered on the judgment register or in the judgment docket until May 7, 1992. On May 8, the clerk mailed notice of the entry of judgment to the attorneys of record. On May 15, defendant filed a statement of costs, disbursements and attorney fees pursuant to ORCP 68C(4). Plaintiffs filed objections on May 22, contending, *inter alia*, that defendant's statement was untimely. On June 8, the court issued its ruling:

> "This matter came before the Court upon the written objection of the Plaintiff to Defendant's Statement of Costs, Disbursements and Attorney Fees. ORCP 68[C](4)(a) requires that the statement of costs, etc. shall be filed within 14 days of entry of the judgment in this matter, that required it to be filed by April 27, 1992. It was not, hence, the Court has no authority to impose costs at this time.

> "ORDER

> "IT IS HEREBY ORDERED that no costs, disbursements or attorney fees are allowed."

The court issued a supplemental judgment on August 21 containing the same language, replacing "ORDER" with "SUPPLEMENTAL JUDGMENT."[2]

Defendant argues that because her May 15 statement of costs, disbursements and attorney fees was filed within 14 days of the May 7 entry of judgment, the trial court

---

[1] The parties do not appeal the judgment on the merits.

[2] Defendant filed a timely notice of appeal from the trial court's June 8 order. The order was not in the form of a judgment or supplemental judgment as required by ORCP 68C(5); however, we gave the trial court leave under ORS 19.033(4) to enter a judgment on attorney fees, costs and disbursements. Defendant filed a second amended statement of costs, disbursements and attorney's fees, to which plaintiffs objected, and then filed a motion for entry of supplemental judgment.

erred when it held that it lacked authority to impose costs. We agree.

ORCP 68C(4)(a) provides, in part:

"A party seeking attorney fees or costs and disbursements shall, *not later than 14 days after entry of judgment* pursuant to Rule 67:

"(i)   File with the court a signed and detailed statement of the amount of attorney fees or costs and disbursements, together with proof of service, if any, in accordance with Rule 9 C[.]'' (Emphasis supplied.)

ORCP 70B governs entry of judgments. Subsection (1) provides, in part:

"All judgments shall be filed and notation of the filing shall be entered in the register by the clerk. The clerk, on the date judgment is entered, shall mail a notice of the date of entry of the judgment in the register and shall mail a copy of the entry in the judgment docket. * * * The clerk shall mail the notice to the attorneys of record, if any, of each party who is not in default for failure to appear."

Finally, ORCP 70B(3) states:

"The clerk shall enter the judgment in the register within 24 hours, excluding Saturdays and legal holidays, of the time the judgment is filed. When the clerk is unable to or omits to enter judgment within the time prescribed in this subsection, it may be entered any time thereafter."

These provisions clearly distinguish the act of filing the judgment from the entry of the judgment. *See Blackledge v. Harrington*, 289 Or 139, 611 P2d 292 (1980). Under ORCP, the time for filing a statement of costs, disbursements and attorney fees begins to run when the judgment is *entered*, not when the judgment is filed. The language of ORCP is clear. However, even if it could be said that there is an ambiguity in ORCP, the comments to ORCP 70 make clear that the Council on Court Procedures specifically intended to clarify past confusion as to whether the effective date of a judgment was upon entry or upon filing. The council, noting that "it was extremely important that the effective date of a judgment be the same for all purposes," concluded that the effective date should be *entry* of judgment. Council on Court Procedures, Staff Comment to ORCP Rule 70, reprinted in Merrill, *Oregon Rules of Civil Procedure: 1992 Handbook* 205 (1991).

We conclude that defendant complied with ORCP 68C(4)(a) by filing her statement of costs, disbursements and attorney fees within 14 days of the entry of judgment. Accordingly, the trial court has authority to award or deny the amounts sought. ORCP 68C(4)(c).[3]

Reversed and remanded.

---

[3] Plaintiffs' other arguments are without merit.