Argued and submitted April 19, 1993, reversed and remanded in part; otherwise affirmed January 19, 1994

SELECTIVE SERVICES, INC.,
an Oregon corporation,
*Respondent,*

*v.*

AAA LIQUIDATING AND AUCTION SERVICE, INC.,
a Washington corporation,
Jerry Guite and the marital community composed of
Jerry Guite and Jane Doe Guite,
*Appellants,*

*and*

Michael SANFORD
and the marital community composed of
Michael Sanford and Jane Doe Sanford,
*Defendants.*

(9010-06167; CA A74605)

867 P2d 545

Wade V. Regier argued the cause for appellants. With him on the briefs was Gary M. Bullock.

Charles R. Markley argued the cause for respondent. With him on the brief was Sandra L. Mitchell.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

**LANDAU, J.**

Defendants appeal from the judgment for plaintiff Selective Services, Inc. (plaintiff), assigning error only to the trial court's disposition of the parties' claims for costs and attorney fees. We affirm in part and reverse in part.

Plaintiff and defendant AAA Liquidation and Auction Services, Inc. (AAA), entered into a contract for the sale of 20,000 Christmas tree stands for $40,000. AAA's agent, defendant Michael Sanford, examined the stands and prepared a written contract that provided, in part:

"AAA Liquidating has agreed to pay [$]2.00 per X-mas tree stand and will not hold Selective Services responsible for any warantee [*sic*] or returns do [*sic*] to defects."

Upon execution of the agreement, Sanford gave plaintiff a check for $5,000 as a down payment and took delivery of 78 of the stands. Later that day, AAA stopped payment on the check and informed plaintiff that the stands were defective. Because shipping expenses to return the stands would exceed their cost, AAA paid plaintiff for the 78 stands already received.

Plaintiff filed this action against AAA for breach of contract and to recover the $5,000 down payment. It included a prayer for attorney fees under ORS 20.090 and for a statutory penalty of $500 under ORS 30.700 against AAA for stopping payment on the check. Plaintiff also alleged fraud claims against Sanford and AAA's owner, defendant Guite. It sought costs as a prevailing party against all defendants. Defendants answered, alleging 15 affirmative defenses and 5 counterclaims, including a claim by Sanford and Guite for attorney fees as a sanction against plaintiff for filing frivolous claims. Plaintiff dismissed its fraud claim before trial and, during trial, it withdrew its request for the $500 penalty under ORS 30.700. The parties stipulated that, after the jury verdict, the court would rule on the counterclaims and the claim concerning the stopped check.

At the close of the evidence, the trial court directed the jury that the parties had a contract. The jury then returned this special verdict:

"Did the plaintiff prove by a preponderance of evidence that the defendant breached the parties' agreement? If so,

what are the amount of plaintiff's economic damages, if any?

> "ANSWER:     No _____ Yes __X__
>
> "DAMAGES:     __NONE $0.00_____ "

Based on that verdict, the trial court held that plaintiff could not recover the amount of the down payment check. It also found that plaintiff's claims had not been frivolous and entered the judgment, ruling:

> "1.   Plaintiff is the prevailing party in this action on its First Claim for Relief for breach of contract but is not awarded any money damages.
>
> "2.   All other claims of plaintiff, and all claims and defenses of defendants are hereby dismissed with prejudice."

AAA and plaintiff both submitted cost bills. AAA filed a memorandum arguing that plaintiff was not the prevailing party on the contract claim and it objected to plaintiff's cost bill. According to AAA,

> "defendants prevailed on plaintiff's claim for fraud and claim for NSF [*sic*] checks. Accordingly, defendant[s], not the plaintiff, should be awarded their costs and disbursements * * *."

At the hearing on defendants' objections, the court said that defendants prevailed "on the NSF check," but it refused to award attorney fees under ORS 20.090. The court entered a supplemental judgment overruling defendants' objections to plaintiff's cost bill and awarding costs and disbursements to plaintiff.

■        On appeal, AAA assigns error to the trial court's failure to award it attorney fees under ORS 20.090. In general, whether a particular rule or statute entitles a party to recover attorney fees is a question of law. ORS 20.220. ORS 20.090(1) provides:

> "Except as otherwise provided in subsection (2) of this section, in any action against the maker of any check, draft or order for the payment of money which has been dishonored for lack of funds or credit to pay the same or because payment has been stopped, the court shall allow a reasonable attorney fee at trial and on appeal to the prevailing party, in addition to disbursements."

That statute does not define "prevailing party." However, in *Northwest International Trucks v. Schiermeister*, 89 Or App 521, 749 P2d 1216 (1988), we held that the definition of "prevailing party" in ORS 20.096(5) applies to ORS 20.090. 89 Or App at 524. Accordingly, AAA is the "prevailing party" if it is "the party in whose favor final judgment or decree is rendered." ORS 20.096(5). In a breach of contract case, the plaintiff is entitled to judgment if it recovers damages under the contract; if the plaintiff "takes nothing on account of the transaction," the defendant is entitled to judgment. *American Petrofina v. D & L Oil Supply*, 283 Or 183, 199, 583 P2d 521 (1978); *see also Dean Vincent, Inc. v. Krimm*, 285 Or 439, 445, 591 P2d 740 (1979). In this case, the jury found that, although plaintiff had established a breach of the agreement, it had not established any damages. On the basis of that verdict, the trial court also found that AAA was the "prevailing party" under ORS 20.090. No party assigns error to that ruling. The trial court erred in failing to award AAA reasonable attorney fees.

AAA next assigns error to the trial court's failure to award it costs. It argues that, for the same reasons that it was the "prevailing party" under ORS 20.090, it also was the "prevailing party" under ORCP 68B, and therefore is entitled to costs. Plaintiff argues that the trial court had the discretion to award costs as it did, regardless of who was the prevailing party.

■ ORCP 68B provides that the trial court may award costs to the "prevailing party" in the action. The rule does not define "prevailing party." Neither party suggests that the term should be defined any differently than it is defined for the purposes of ORS 20.090 and ORS 20.096(5), and, if only for the sake of consistency, we see no reason to do so. *See Northwest International Trucks v. Schiermeister, supra*, 89 Or App at 524. Accordingly, as AAA argues, it was the "prevailing party" under ORCP 68B.

■ We turn to plaintiff's argument that, even if AAA was the prevailing party, the trial court had discretion to award plaintiff costs. Plaintiff relies on *Ruth et ux v. Hickman*, 214 Or 490, 330 P2d 722 (1958). However, that case lends it no support. In *Ruth*, the Supreme Court held that ORCP 68B gives trial courts the discretion to award costs to a prevailing

party or to award neither party costs. The court did not hold that the rule authorizes the trial courts to award costs to a nonprevailing party. Moreover, the trial court expressly based its decision not to award AAA costs on its finding that plaintiff was the prevailing party on the breach of contract claim. Because the trial court's decision was based, not on an exercise of its discretion under ORCP 68B, but instead on an incorrect legal conclusion, we reverse and remand for reconsideration of AAA's cost bill. *See Wick v. Viking Ins. Co.*, 105 Or App 33, 39, 803 P2d 1199 (1990); *Rogerson v. Baker*, 56 Or App 748, 642 P2d 1216 (1982).

■ Defendant Guite assigns error to the trial court's failure to award him costs under ORCP 54A as a prevailing party on the fraud claim. According to plaintiff, defendant Guite has not preserved that issue for appeal, because he did not submit a cost bill below. We agree. Although the trial court entered judgment in Guite's favor on the fraud claim, nothing in the record indicates that Guite ever asked for an award of costs. He did not submit a cost bill, as required by the rules. ORCP 68C(3); ORCP 68C(4); *Davis v. Leek*, 124 Or App 294, 862 P2d 548 (1993); *State ex rel Benzinger v. Dept. of Ins. and Finance*, 122 Or App 16, 856 P2d 642 (1993). We therefore decline to consider the issue. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 823 P2d 956 (1991).

■ Finally, defendants assign error to the trial court's finding that plaintiff's claims had not been filed in "bad faith, wantonly or solely for oppressive reasons." ORS 20.105; *Mattiza v. Foster*, 311 Or 1, 803 P2d 723 (1990). We review the trial court's findings for support by any competent evidence. *Adams v. State of Oregon*, 103 Or App 288, 295, 798 P2d 244, *rev den* 311 Or 13 (1990). After reviewing the record below, we conclude that there is evidence to support the trial court's finding that plaintiff's claims were not frivolous. The trial court did not err.

Reversed and remanded for determination of costs and attorney fees for AAA; otherwise affirmed.