Argued and submitted September 27, 1982, reversed and remanded November 9, 1983, respondents' reconsiderations allowed; former opinion modified; affirmed as to respondent Burkhardt; reversed and remanded as to respondent Sierra Glass February 8 (66 Or App 883, 675 P2d 1126), appellant's reconsideration denied March 30, respondent Sierra Glass' petition for review and appellant's petition for review denied May 1, 1984 (297 Or 83)

# KOBERSTEIN,
*Appellant,*

*v.*

# SIERRA GLASS CO. et al,
*Respondents.*

## (40-537; CA A22340)

671 P2d 1190

Michael J. Morris, Portland, argued the cause for appellant. With him on the briefs was Grebe, Gross, Jensen & Peek, P.C., Portland.

Carrell F. Bradley, Hillsboro, argued the cause for respondent Sierra Glass Co. On the brief was Larry A. Brisbee, Hillsboro.

Ralph C. Barker, Portland, argued the cause for respondent Chris A. Burkhardt. On the brief were Bradly J. Lenhart and Charles D. Harms, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Plaintiff appeals from a judgment awarding him damages for injuries he received in a collision involving three cars driven by plaintiff, defendant Burkhardt and an employe of defendant Sierra Glass Co. Judgment for plaintiff in the amount of $1,375 was entered after the jury returned a special verdict finding that Sierra Glass was 55 percent negligent, that plaintiff was 45 percent negligent, that Burkhardt was not negligent and that plaintiff had suffered $2,500 in damages. We reverse and remand.

■ Plaintiff raises essentially four assignments of error. He first contends that the trial court erred in overruling his objection to the following testimony given on cross-examination by the police officer who investigated the collision:

"Q [DEFENDANT'S ATTORNEY]: In your discussions with Mr. Koberstein there at the scene of the accident, did he ever tell you that his car had become airborne and traveled some 75 feet through the air after it had been hit?

"A [POLICE OFFICER]: No, he did not.

"Q: That would have been a pretty remarkable thing to hear would it not?

"[PLAINTIFF'S ATTORNEY]: Objection.

"THE COURT: Overrule the objection.

"A: It would be."

Plaintiff, in his deposition, had testified that, as a result of the impact, his car had been propelled through the air for a distance of 75 feet. Subsequent questions to the officer demonstrate that the purpose of the question was to show that, had such a statement been made, the officer would have noted that fact in his report.

Plaintiff's objection did not apprise the court of the grounds for the objection. "The prevailing rule is that an objection, general in terms, if overruled, cannot avail the objector on appeal." *Smith v. Oregon Agricultural Truck.*, 272 Or 156, 159-60, 535 P2d 1371 (1975). Although there are exceptions to this rule, none applies here. McCormick, Evidence 115-16, § 52 (2d ed 1972).

Plaintiff asserts that the trial court erred in allowing a medical doctor to testify about the dynamics of a rear-end

collision and whether it could have caused an injury to plaintiff's abdomen. At trial, plaintiff objected on the ground that the doctor was not competent to testify to those matters.

■■ The party offering an expert's testimony must show that he is qualified to give an opinion on the particular matter at hand.

> "Whether an expert witness has been shown to be adequately qualified to express an opinion on a particular subject is ordinarily a matter lying within the discretion of the trial court, and, on appeal, his decision will be reversed only for an abuse of that discretion. * * *" *Myers v. Cessna Aircraft,* 275 Or 501, 519, 553 P2d 355 (1976).

We conclude that the trial court did not abuse its discretion. The doctor testified that he had been practicing medicine for 33 years and that he specializes in diagnosis and internal medicine. Further, while serving as a member of the medical advisory committee to the National Traffic Safety Council, he had reviewed many automobile accident cases and had assisted in a special study of rear-end accidents. There is substantial evidence that the doctor was sufficiently qualified to testify as to the dynamics of and possible injuries from a rear-end collision.

■ Plaintiff contends that the trial court erred in an instruction to the jury. The court gave the following instruction:

> "* * * You should understand that the Defendants are presumed to obey the law and exercise reasonable care in the operation of their vehicles and were not negligent.

> "The presumption is evidence in favor of the Defendants. Unless Plaintiff overcomes this presumption by a preponderance of the evidence, your verdict should be returned in favor of the Defendants and against the Plaintiffs *[sic]*."

Plaintiff argues that the instruction was an inaccurate statement of the law, because there is no such presumption and, if there were, it should not be considered as evidence. Plaintiff is in error. There is a presumption of nonnegligence, *McVay v. Byars,* 171 Or 449, 453, 138 P2d 210 (1943), *overruled on other grounds* 214 Or 513, 330 P2d 1026 (1958), and it has the value of evidence. *See Wright v. SAIF,* 289 Or 323, 331, 613 P2d 755 (1980).[1]

---

[1] We express no opinion on whether OEC, which was not in effect at the time of trial, has an effect on this presumption.

■ Plaintiff also argues that the instruction was one-sided and prejudicial, because the trial court should have instructed the jury that plaintiff is also presumed to have obeyed the law. The instruction in the form given focused on defendant. To that extent, it was "one-sided." On retrial, the court should give *only* the instruction, which the court also gave here, that all parties are presumed to obey the law and have been free from negligence.

■ Lastly, plaintiff asserts that the trial court erred in granting defendants' motion *in limine* to reduce the amount of special damages alleged in the complaint by the amount of the personal injury protection (PIP) benefits that plaintiff received from his insurer and to exclude evidence of the special damages compensated by PIP benefits. At trial, it was undisputed that plaintiff had incurred approximately $11,000 in medical expenses, that his insurer paid him $5,000 in PIP benefits, that his insurer had made a demand for reimbursement for that payment from Sierra Glass' insurer under ORS 743.825 and that Sierra Glass' insurer had not made a reimbursement payment at the time of trial. As a result of the trial court's ruling on the motion *in limine,* plaintiff had to plead and testify at trial that his medical expenses amounted only to approximately $6,000.

The trial court's ruling was error. Nothing in the PIP statutes, ORS 743.800 to 743.835, prohibits a plaintiff from pleading and proving all of his special damages in a civil action, even though he has received PIP benefits from his insurer. On the contrary, the provisions of ORS 18.510 clearly contemplate that a plaintiff may plead and prove all of his special damages, even if he has received PIP benefits and his insurer has received reimbursement from the liability insurer under ORS 743.825.

Under ORS 743.825,[2] an insurer who pays PIP benefits to its insured can recover reimbursement from the liability

---

[2] ORS 743.825 provides:

"(1) Every authorized motor vehicle liability insurer whose insured is or would be held legally liable for damages for injuries sustained in a motor vehicle accident by a person for whom personal injury protection benefits have been furnished by another such insurer, or for whom benefits have been furnished by an authorized health insurer, shall reimburse such other insurer for the benefits it has so furnished if it has requested such reimbursement, * * *.

insurer of the amount of the PIP benefits paid, reduced in proportion to the amount of the insured's negligence. The insurers either decide between themselves the percentage of the insured's negligence or the percentage is determined through arbitration. ORS 743.825(3). If an insured who has received PIP benefits brings an action and secures a judgment for which an insurer who made a reimbursement payment is liable, the provisions of ORS 18.510 apply. Under ORS 18.510(2) and (3)(b),[3] the amount of the insured's judgment can be reduced by the lesser of (1) the amount of the PIP payments, reduced by the percentage of the insured's negligence found at trial, or (2) the amount of the reimbursement payment.

The purpose of the prepayment provisions of ORS 18.510(2) and (3)(b) is to shield a liability insurer from having to pay both the plaintiff and the plaintiff's insurer for the same medical expenses. If a plaintiff were precluded from pleading and proving as part of his special damages the medical expenses for which he had received PIP benefits, the liability insurer would never have to pay both the plaintiff and his insurer for those expenses, and ORS 18.510(2) and (3)(b) would be unnecessary. Further, if a plaintiff were not allowed to prove the full amount of his medical expenses, he would be unable to respond accurately if asked at trial the amount of

---

"(2) In calculating such reimbursement, the amount of benefits so furnished shall be diminished in proportion to the amount of negligence attributable to the person for whom benefits have been so furnished, * * *.

"(3) Disputes between insurers as to such issues of liability and the amount of reimbursement required by this section shall be decided by arbitration."

[3] ORS 18.510(2) and (3)(b) provides:

"If judgment is entered against a party who is insured under a policy of liability insurance against such judgment and in favor of a party who has received benefits that have been the basis for a reimbursement payment by such insurer under ORS 743.825, the amount of the judgment shall be reduced by reason of such benefits in the manner provided in subsection (3) of this section.

"* * * * *

"[(3)](b) The amount of any benefits referred to in subsection (2) of this section, diminished in proportion to the amount of negligence attributable to the party in favor of whom the judgment was entered and diminished to an amount no greater than the reimbursement payment made by the insurer under ORS 743.825, may be submitted by the insurer which has made the reimbursement payment, in the manner provided in ORCP 68 C.(4) for the submission of disbursements."

those expenses. Here, plaintiff testified that his medical expenses totaled approximately $6,000, even though both parties agreed that they totaled nearly $11,000.

To uphold the trial court's ruling precluding plaintiff from pleading and proving as part of his special damages his medical expenses for which he received PIP payments, we would have to hold that the legislature intended ORS 18.510(2) and (3)(b) to be mere surplusage and intended to prohibit plaintiff from giving accurate testimony and to deprive the jury of a complete account of the facts. We cannot attribute such an intent to the legislature.

Defendants argue that, if the trial court's ruling was error, it was harmless. They contend that, even if plaintiff could have proven an additional $5,000 in medical expenses and the jury had awarded an additional $5,000 in damages, any resulting increase in the judgment would have been decreased by the same amount under ORS 18.510. The contention is unsupported by the record. The provisions of ORS 18.510 would have applied only if Sierra Glass' insurer had made a reimbursement payment to plaintiff's insurer. It is undisputed that no reimbursement had been paid before trial, and nothing in the record shows that it was ever paid. Therefore, plaintiff's potential increased judgment could not have been reduced under ORS 18.510.[4] The error might have resulted in a reduced judgment for plaintiff and was therefore prejudicial.

Reversed and remanded.

---

[4] We do not decide whether the error would be harmless if there had been a reimbursement.