# DOUGHERTY,
*Appellant,*

*v.*

# GELCO EXPRESS CORPORATION et al,
*Respondents.*

(144,449; CA A34306)

719 P2d 906

James D. Vick, Salem, argued the cause for appellant. With him on the brief was Allen and Vick, Salem.

Michael A. Lehner, Portland, argued the cause for respondents. With him on the brief were Barry F. Shanks and Mitchell, Lang & Smith, Portland.

Before Gillette, Presiding Judge, Pro Tempore, and Van Hoomissen and Young, Judges.

YOUNG, J.

### YOUNG, J.

This is a negligence action to recover damages for personal injuries arising out of an automobile accident. A jury determined that defendants were 100 percent at fault and returned a verdict for plaintiff and awarded $20,000 general damages and $7,068.05 special damages. After judgment the trial court decided that, pursuant to ORS 18.510, defendants were entitled to a $14,000 partial satisfaction of the judgment, because Personal Injury Protection (PIP) benefits paid to plaintiff in that amount by her insurer would be reimbursed in full by defendants' insurer. The PIP payments consisted of $5,000 in medical expenses and $9,000 in lost wages. Plaintiff challenges the trial court's entry of the partial satisfaction. We affirm.

■ We must first determine whether the trial court's order is appealable; if not, we lack jurisdiction. *Meyer v. Joseph,* 295 Or 588, 590, 668 P2d 1228 (1983). Because there is no jurisdiction in this court other than that created by statute, *Meyer v. Joseph, supra; J. Gregcin, Inc., v. City of Dayton,* 287 Or 709, 713, 601 P2d 1254 (1979), we review the pertinent statutes.[1]

■ ORS 18.510(2) provides that, if a judgment is entered against an insured whose insurer has made PIP reimbursement payments under ORS 743.825, the judgment shall be reduced by the amount of those payments "in the manner provided in subsection (3) of this section." Subsection (3)(b) provides that a claim for the reduction of the judgment may be submitted by the insurer that made the reimbursement payment, "in the manner provided in ORCP 68C.(4) for the submission of disbursements." ORCP 68C(4)(d) provides that, after a hearing on objections, the trial court shall make a statement of the attorney fees, costs and disbursements allowed, "which shall be entered as part of the judgment."

In the present action, after a hearing on plaintiff's objections to defendants' claim for reduction of the judgment, the trial court made a "statement" of partial satisfaction of the judgment in the amount of $14,000 and ordered the court clerk to "enter such partial satisfaction in the record of this

---

[1] The parties have not questioned our jurisdiction. Plaintiff did not state the statutory basis of appellate jurisdiction in her brief. *See* ORAP 7.17(3).

action and in the judgment docket of the court." That directive to the court clerk corresponds to the duties of the court clerk under ORS 18.510(3)(c), when there are no objections filed.[2]

ORS 19.010 governs, in most instances, the right to appeal in civil proceedings. ORS 19.010(2)(c) provides:

"(2)   For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

"* * * * *

"(c)   A final order affecting a substantial right, and made in a proceeding after judgment or decree."

The underlying judgment in this case is final and the time for appeal has passed. Plaintiff does not challenge the correctness of the judgment. The only question is the legality of the order reducing the amount of the judgment. Because the order affects a substantial right, *i.e.*, reduction of the judgment, we hold that it is appealable under ORS 19.010(2)(c).[3] We turn to the merits.

Plaintiff's amended complaint sought special damages for medical expense in the sum of $7,068.05 and general damages in the sum of $314,200 for permanent injuries and the loss of past and future earning capacity. The jury awarded special damages in the amount of the prayer and general damages in the sum of $20,000. The other essential facts are contained in the trial court's order of partial satisfaction:

---

[2] Under ORS 18.510(3)(C), in the absence of timely objections made pursuant to ORCP 68C(4) to the insurer's claim for reduction of the judgment, "the county clerk shall apply the amounts claimed pursuant to this subsection in partial satisfaction of the judgment."

[3] Under ORCP 68C(4)(d), the trial court's statement of costs and disbursements is "entered as part of the judgment." It is enforcable "as part of that judgment," ORCP 68C(5), and appealable under ORS 20.220, which provides:

"An appeal may be taken from a judgment under ORCP 68 C.(4) on the allowance and taxation of attorney fees and costs and disbursements on questions of law only, as in other cases. On such appeal the statement of attorney fees and costs and disbursements, the objections thereto, the judgment rendered thereon, and the exceptions, if any, shall constitute the trial court file, as defined in ORS 19.005."

In the present case, the trial court's statement of partial satisfaction of the judgment is not a "judgment." *See* ORCP 67A; ORCP 70A.

"The Court further finds that concurrently and in conjunction with the filing of defendants' claim for partial satisfaction of plaintiff's judgment under ORS 18.510, counsel for defendants, acting as attorney for defendants' liability carrier, formally acknowledged by affidavit the obligation of defendants' liability carrier to make such reimbursement payment to plaintiff's PIP carrier. The Court further finds that in the trial of this action, the plaintiff made claim for and introduced evidence of plaintiff's pre-trial impairment of earning capacity by reason of a loss of income due to plaintiff's injuries, and plaintiff made claim for and introduced evidence of plaintiff's medical expenses for the care of plaintiff's injuries. Plaintiff's claim for recovery on account of plaintiff's pre-trial impairment of earning capacity was submitted to the jury as part of plaintiff's claim of general damages, and plaintiff's claim for recovery of medical expenses was submitted to the jury as plaintiff's claim of special damages. Neither party requested a segregated verdict to reflect the specific amount, if any, awarded to plaintiff as general damages on account of plaintiff's claim of impairment of earning capacity. The jury returned its verdict awarding plaintiff both general and special damages."

■ The first issue is whether the acknowledgement by defendants' counsel of defendants' insurer's obligation to make a reimbursement payment is a "reimbursement payment" within the meaning of ORS 18.510, which provides, in part:

"(2) If judgment is entered against a party who is insured under a policy of liability insurance against such judgment and in favor of a party who has received benefits that have been the basis for a *reimbursement payment* by such insurer under ORS 743.825, the amount of the judgment shall be reduced by reason of such benefits in the manner provided in subsection (3) of this section.

"* * * * *

"(3)(b) The amount of any benefits referred to in subsection (2) of this section, diminished in proportion to the amount of negligence attributable to the party in favor of whom the judgment was entered and diminished to an amount no greater than the *reimbursement payment* made by the insurer under ORS 743.825, may be submitted by the insurer which has made the *reimbursement payment,* in the manner provided in ORCP 68C.(4) for the submission of disbursements." (Emphasis supplied.)

Plaintiff argues that the words "reimbursement payment" are unambiguous and mean actual payment. Defendants, on the other hand, argue that a formal acknowledgement of the obligation to reimburse, filed simultaneously with the claim to reduce the judgment and before the expiration of the 10-day period in ORCP 68C(4), constitutes a "reimbursement payment" within the meaning of the statute. The trial court agreed with defendants; so do we. The only legislative purpose we discern behind ORS 18.510(2) is that of preventing the injured party from receiving payments from the PIP insurer and the negligent party's insurer that together would be greater than the injured party's proven damages. *See* Minutes, House Committee on Labor & Business Affairs, April 22, 1975, Exhibit H at 6, 9 (HB 3199). A formal acknowledgement of the reimbursement obligation achieves that purpose as well as an actual payment does.

The remaining issue is whether the trial court entered partial satisfaction in the correct amount. Plaintiff argues that defendants are entitled to reduction of the judgment only to the extent of the $5,000 reimbursement for medical benefits. She argues that, because her pretrial loss of wages was pleaded, proved and submitted to the jury as part of her general damages claim and because the jury did not return a segregated verdict, there is no way to determine what portion of the $20,000 general damage award represented pretrial lost wages for which she had already been compensated. She concludes that "to allow defendant[s] to offset the judgment would result in a windfall to [defendants and their insurer]." As a preliminary matter, we note that plaintiff's conclusion does not necessarily follow from her argument. That it cannot be determined what portion of the general damage award was for pretrial lost wages does not lead inexorably to the conclusion that the jury awarded her less than $9,000 on that damage claim.

We disagree with plaintiff. ORS 18.510(2) requires an offset, if a successful plaintiff has received PIP benefits. ORS 18.510(3)(b) provides that the defendant's insurer may submit an amount equal to the PIP benefits, diminished in proportion to the plaintiff's negligence, but that the amount shall not exceed the amount of the reimbursement payment. The statute does not provide for a reduction in the offset amount when it cannot be determined whether the jury actually awarded the

plaintiff damages already compensated for by the PIP pay-ments. Even if we were permitted to read such a provision into the statute, which we are not, ORS 174.010, we would refuse to do so, because that would permit a plaintiff to defeat the legislative purpose of avoiding double recovery by including medical expenses and/or pretrial lost wages in the general damage claim.

Affirmed.