Argued and submitted November 13, 1992, affirmed March 31, 1993

Lisa BRUS,
*Respondent,*

*v.*

Edward GOODELL,
*Appellant,*
*and*

Charles McCOY,
*Defendant.*

(16-90-07396; CA A71643)

849 P2d 552

Joel S. DeVore, Eugene, argued the cause for appellant. With him on the briefs were Louis L. Kurtz and Luvaas, Cobb, Richards & Fraser, P.C., Eugene.

Michael V. Philips, Eugene, argued the cause for respondent. With him on the brief was Johnson, Clifton, Larson & Bolin, P.C., Eugene.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DEITS, J.

**DEITS, J.**

Plaintiff was injured in a motor vehicle accident with defendant Goodell (defendant).[1] The jury awarded plaintiff damages in the ensuing negligence action, and judgment was entered. Defendant then moved, pursuant to ORS 18.510(2) and (3), to reduce the judgment by the amount of PIP benefits that plaintiff's insurer had paid her and for which defendant's insurer agreed to reimburse plaintiff's insurer. The trial court denied the motion. Defendant appeals, and we affirm.

Plaintiff argues that the judgment should not be reduced, because it can be affirmatively determined from the record in the personal injury trial that none of the damages that the jury awarded applied to losses for which she had been compensated by the PIP payments. Defendant disagrees with that proposition, and also argues that it is irrelevant. He appears to understand ORS 18.510, and our interpretation of it in *Dougherty v. Gelco Express Corp.*, 79 Or App 490, 719 P2d 906 (1986), as requiring the reduction, regardless of whether there is actual overlap in the losses for which PIP payments were made and those for which damages were awarded.

■ The question of whether there actually was an overlap in damages is easily resolved. The trial court's order on the post-judgment motion recites that the "jury was specifically instructed not to include any award of damages for medical expenses or lost wages," the losses for which plaintiff received PIP payments, and that plaintiff "was permitted to plead and prove such damages," but "clearly chose not to do so." That is a finding of fact, and there is evidence to support it. It follows that there was no actual overlap between the PIP compensation and the damages awarded.

■ The more difficult question is whether the fact that there actually was no overlap affects defendant's right to a reduction. ORS 18.510 provides, in material part:

"(2) If judgment is entered against a party who is insured under a policy of liability insurance against such judgment and in favor of a party who has received benefits

---

[1] Defendant McCoy is not a party to this appeal.

that have been the basis for a reimbursement payment by such insurer under ORS 742.534, the amount of the judgment *shall be reduced by reason of such benefits* in the manner provided in subsection (3) of this section.

"\* \* \* \* \*

"[(3)](b) The amount of any benefits referred to in subsection (2) of this section, diminished in proportion to the amount of negligence attributable to the party in favor of whom the judgment was entered and diminished to an amount no greater than the reimbursement payment made by the insurer under ORS 742.534, may be submitted by the insurer which has made the reimbursement payment, in the manner provided in ORCP 68 C.(4) for the submission of disbursements." (Emphasis supplied.)

Defendant argues that the words "judgment shall be reduced by reason of such benefits" mean that, if the conditions specified in the statute are met, it is immaterial whether the PIP benefits that were paid and the damages that were awarded cover the same losses, and the amount of the PIP payments must be subtracted from the judgment. Defendant also finds the same meaning in *Dougherty v. Gelco Express Corp., supra,* where we said:

"The only legislative purpose we discern behind ORS 18.510(2) is that of preventing the injured party from receiving payments from the PIP insurer and the negligent party's insurer that together would be greater than the injured party's proven damages.

"\* \* \* \* \*

"ORS 18.510(2) requires an offset, if a successful plaintiff has received PIP benefits. ORS 18.510(3)(b) provides that the defendant's insurer may submit an amount equal to the PIP benefits, diminished in proportion to the plaintiff's negligence, but that the amount shall not exceed the amount of the reimbursement payment. The statute does not provide for a reduction in the offset amount when it cannot be determined whether the jury actually awarded the plaintiff damages already compensated for by the PIP payments. Even if we were permitted to read such a provision into the statute, which we are not, ORS 174.010, we would refuse to do so, because that would permit a plaintiff to defeat the legislative purpose of avoiding double recovery by including medical expenses and/or pretrial lost wages in the general damage claim." 79 Or App at 495-96.

We do not agree with defendant's reading of either the statute or *Dougherty*. The term "by reason of such benefits" does not connote a dollar-for-dollar reduction equal to the amount of PIP benefits paid, whether or not the payments are for the same losses for which the damages were awarded. "By reason of" is not synonymous with "equal to."

Similarly, defendant misreads our statement in *Dougherty*. Our opinion concerned a situation where the plaintiff could and did claim damages at trial for some of the same losses that had been compensated by PIP benefits. *See Koberstein v. Sierra Glass Co.*, 65 Or App 409, 671 P2d 1190 (1983), *mod* 66 Or App 883, 675 P2d 1126, *rev den* 297 Or 83 (1984). We said in *Dougherty* that the statute did not provide for a reduction in the offset when it *cannot* be determined whether the PIP payments and the damages award cover overlapping losses. The application of that principle where it *can* be determined that there is no overlap makes no sense, is not compelled by the statutory language and does not advance the statutory objective. Although, as *Koberstein* makes clear, plaintiff's tactical choice not to plead and prove those damages could have resulted in the ambiguous judgment being construed against her, the trial court found in her favor on that question of fact. We agree with plaintiff that the applicable statute and case authority are aimed at preventing double recoveries, not in "halving" recoveries that it can be determined do no more than make the injured party whole.

Affirmed.