Steven A. HEINTZ,
*Respondent,*

*v.*

William BAXTER,
*Appellant.*

(9009-05848; CA A72600)

853 P2d 320

Lauren M. Underwood, Portland, argued the cause for appellant. With him on the brief were Cathy E. Smith and Underwood, Norwood & Hiefield, Portland.

Thomas O. Carter, Portland, argued the cause and filed the brief for respondent.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

In this personal injury action arising out of an automobile accident, plaintiff obtained a judgment. Defendant moved, under ORS 18.510, for an order of partial satisfaction to offset amounts that plaintiff had recovered as PIP payments from an insurer that had requested direct reimbursement from defendant's insurer, pursuant to ORS 742.534. Defendant's motion was supported by the affidavit of his attorney, who had been retained by his insurer, Mutual of Enumclaw. The affidavit states, as material, that the other insurer

"has made a request for direct reimbursement to them [*sic*] for the benefits paid. Mutual of Enumclaw agrees that a direct reimbursement procedure is proper, and that Mutual of Enumclaw will proceed with the [other insurer] pursuant to ORS 742.534."

The trial court denied the motion. Defendant appeals, contending that *Dougherty v. Gelco Express Corp.*, 79 Or App 490, 719 P2d 906 (1986), compels the granting of the partial satisfaction. We affirm.

In general terms, ORS 18.510 provides for the reduction of a judgment by the amount of "reimbursement payments" that have been received by the plaintiff and paid, directly or indirectly, by the defendant's insurer as PIP benefits. The question in *Dougherty* was whether "reimbursement payments" refers only to actual payments, or whether ORS 18.510 also applies if the insurer's counsel makes a formal "acknowledgment * * * of [its] obligation to make a reimbursement payment" to the plaintiff or an insurer that had advanced PIP benefits to the plaintiff. 79 Or App at 494. We held that ORS 18.510 encompassed both situations. However, in stating the issue, we noted:

"After judgment, the trial court decided that, pursuant to ORS 18.510, defendants were entitled to a $14,000 partial satisfaction of the judgment, because [PIP] benefits paid to plaintiff in that amount by her insurer would be reimbursed *in full* by defendant's insurer." 79 Or App at 492. (Emphasis supplied.)

We then concluded, implicitly, that the amount of the satisfaction or offset was to be determined by the court pursuant to ORS 18.510(3). 79 Or App at 495-96.

Here, defendant has not made a formal acknowledgement of the kind contemplated by *Dougherty*. The attorney's affidavit simply acknowledges the propriety of "a direct reimbursement procedure" and pledges that Mutual of Enumclaw will "proceed" with the other insurer "pursuant to ORS 742.534." That affidavit does not obligate Mutual of Enumclaw to make payments in the amount of the partial satisfaction that defendant seeks, or that the court might determine. Under ORS 742.534(3), "[d]isputes between insurers as to * * * the amount of reimbursement required by this section shall be decided by arbitration." The affidavit reserves the right to proceed under ORS 742.534, rather than ORS 18.510(3).

The trial court committed no error in denying the motion.

Affirmed.