Argued and submitted June 3, 1999, reversed; remanded with instructions
May 17, 2000

# Susan WADE,
*Appellant,*

*v.*

# Michelle MAHLER,
*Respondent.*

## (9702-01218; CA A103268)

1 P3d 485

Nancy F. A. Chapman argued the cause for appellant. With her on the opening brief was Dan Norman and with her on the reply brief was Donald D. Dartt.

Lance B. Erz argued the cause for respondent. On the brief was Timothy D. Norwood.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

■     Plaintiff appeals the trial court's entry of a money judgment in favor of defendant. That judgment reduced the jury verdict in favor of plaintiff by the amount of her settlement with a third party and by reason of a personal injury protection (PIP) reimbursement, thereby reducing plaintiff's damages award to zero. The judgment designated defendant as the prevailing party and awarded defendant costs in the amount of $1,000.50. Plaintiff assigns three errors, arguing that the setoff of her award by the third-party settlement and PIP reimbursement was not proper and that, in any event, defendant is not the prevailing party and not entitled to costs. Because all of plaintiff's arguments present only questions of law, we review for errors of law. We reverse and remand for entry of judgment in favor of plaintiff in the amount of the jury verdict, for consideration of costs award to plaintiff, and for satisfaction of the judgment in the amount of the verdict but not costs awarded. *Selective Services, Inc. v. AAA Liquidating*, 126 Or App 74, 78-79, 867 P2d 545 (1994).

This litigation arose from two automobile accidents involving plaintiff. The first accident occurred in March 1995, and Neal was the driver of the other car. The second accident involved defendant and occurred in May 1995. Plaintiff brought a single action against both Neal and defendant, alleged that both were at fault in each of the respective accidents, and prayed for economic and noneconomic damages resulting from both accidents. Plaintiff alleged that the March 1995 accident with Neal caused bruising and injury to the left side of her neck, left shoulder, left buttock, and upper and lower back, bursitis of the right shoulder, and a predisposition to further injury. Plaintiff alleged that the May 1995 accident with defendant caused, in part, straining and spraining injury to the left side of the neck and upper back, dislocation of several spinal vertebrae, and aggravation of the injuries caused by the March 1995 accident.

Neal and plaintiff subsequently reached a settlement in the amount of $7,500. Plaintiff rejected defendant's offer of settlement and went to a jury trial. Plaintiff then filed an amended complaint that dropped Neal as a party and

added a few injuries to her claim against defendant. In addition to the straining injuries and aggravation injuries listed above, plaintiff alleged that the May 1995 accident caused brachial plexitisis injuries and thoracic outlet syndrome.

Plaintiff requested submission of a special verdict form that segregated plaintiff's economic damages into past and present medical bills, past wage loss, loss of opportunity and loss of earning capacity, and future wage loss, loss of opportunity and loss of earning capacity. Plaintiff's form also segregated plaintiff's noneconomic damages into several categories. The trial court sent defendant's general verdict form, which distinguished between economic damages and noneconomic damages, to the jury. The trial court instructed the jury under Uniform Civil Jury Instruction (UCJI) 21.04 that plaintiff and Neal had settled, that the jury was to consider the issues remaining between plaintiff and defendant, and that the jury was not to reduce the amount of damages awarded, if any, by reason of the settlement. The jury returned a verdict awarding $5,300 in economic damages only.

Plaintiff then submitted a proposed money judgment designating plaintiff as the prevailing party, awarding $5,300 in economic damages and $117.95 in costs. Defendant objected to the proposed money judgment and, before entry of final judgment, moved for "Partial (or Total) Satisfaction of Judgment" under ORS 18.510(2). That motion requested that the judgment be satisfied based on the fact that the damages awarded to plaintiff were paid as PIP benefits through plaintiff's insurance. The motion was accompanied by an affidavit from a representative of defendant's liability insurance carrier, stating that plaintiff's PIP insurer had requested reimbursement for those benefit payments to plaintiff in the amount of $7,368.62. The affidavit also formally acknowledged that defendant's insurance company was obligated to make a reimbursement payment to plaintiff's PIP insurer in the sum of $5,300 or such sum determined by the court pursuant to ORS 18.510(3).

At the hearing on defendant's objections and motion, defendant argued that plaintiff's judgment should be offset

either because of the PIP reimbursement or because of plaintiff's settlement with Neal. The trial court agreed that the jury verdict should be offset to zero because of PIP reimbursement and the settlement with Neal. The trial court further reasoned that, because plaintiff received a net money award of zero, judgment should be entered in favor of defendant and defendant should be designated as the prevailing party. The trial court then entered a judgment awarding defendant $1,000.50 in costs.

Plaintiff argues that offsetting her verdict by the amount of the PIP reimbursement or settlement with Neal is impermissible and that, alternatively, even if a *satisfaction* of the judgment by the PIP reimbursement is warranted, plaintiff is still the prevailing party and defendant should not be awarded costs. We conclude that the PIP reimbursement requires satisfaction of plaintiff's judgment but that plaintiff is the prevailing party.

■    We consider plaintiff's first assignment of error that it was impermissible to offset her judgment by the amount of her settlement with Neal. We agree. The trial court simply indicated that the jury was instructed about the settlement and that "defendant is entitled to a setoff in the amount of $7,500." However, ORS 18.580(1) provides, in part:

> "In a civil action, when a [plaintiff] is awarded *damages for bodily injury* * * * which are to be paid by [a defendant], and the [plaintiff] received benefits *for the injury* * * * other than from the [defendant], the court may deduct from the amount of damages awarded, before the entry of final judgment, the total amount of those collateral benefits * * *." (Emphasis added.)

Accordingly, only if the injuries for which Neal paid were the same injuries for which defendant was liable under the judgment may defendant request the court to reduce plaintiff's judgment. *See also Bird v. Norpac Foods, Inc.*, 325 Or 55, 67, 69-70, 934 P2d 382(1997) (legislature may alter the collateral source rule, and ORS 18.510 provides a means for obtaining an offset for collateral benefits received); *McKee Electric Co. v. Carson Oil Co.*, 70 Or App 1, 8, 688 P2d 1360 (1984), *aff'd* 301 Or 339, 723 P2d 288 (1986) (collateral source rule embodies the principle that "a negligent defendant is liable

for reasonably foreseeable consequential *damages attributable to its negligence*, and it is generally true that a *defendant cannot escape that liability because the injured party is made whole* by its own efforts or the efforts of others." (Emphasis added.))

Nothing in the record designated on appeal supports defendant's contention that the injuries were the same as alleged against Neal. Nowhere in her objections or motion or at the hearing did defendant argue that the injuries were the same, and the trial court gave no indication that it considered whether that prerequisite was satisfied before it concluded that defendant was "entitled" to an offset. To the contrary, plaintiff pleaded different injuries resulting from the different accidents, and the jury was instructed to consider the issues remaining between plaintiff and defendant, *see* UCJI 21.04. Those issues are framed by the amended complaint, and we can discern no overlap in the injuries from the two accidents. The trial court therefore erred as a matter of law in offsetting plaintiff's award by the amount of her settlement with Neal. *See York v. Bailey*, 159 Or App 341, 347-48, 976 P2d 1181, *rev den* 329 Or 287 (1999) (appealing party bears burden to designate record sufficient to demonstrate prejudicial error).

Plaintiff next assigns error to the offset of her judgment by the PIP reimbursement payment. We conclude that, although the reduction on account of the PIP reimbursement was proper as a satisfaction of the judgment, the court erred in reducing the amount of plaintiff's recovery via an "offset" before the entry of judgment. ORS 18.510(2) provides:

> "*If judgment is entered* against a party who is insured under a policy of liability insurance against such judgment and in favor of a party who has received benefits that have been the basis for a reimbursement payment by such insurer under ORS 742.534, the amount of the judgment shall be reduced by reason of such benefits in the manner provided in subsection (3) of this section." (Emphasis added.)

In *Dougherty v. Gelco Express Corp.*, 79 Or App 490, 495-96, 719 P2d 906 (1986), we explained that, when the plaintiff pleads and proves damages subject to PIP benefits and when

the plaintiff submits a verdict form from which the jury cannot tell whether the damages award includes losses subject to PIP benefits, the court must reduce the damages award by reason of the PIP benefits. We reasoned that the legislative purpose of ORS 18.510(2) is to "prevent[ ] the injured party from receiving payments from the PIP insurer and the negligent party's insurer that together would be greater than the injured party's proven damages." *Id.* at 495. Accordingly, when the plaintiff created the ambiguity in the verdict form, we will not permit the plaintiff to defeat the legislative purpose by reducing the offset amount on account of the ambiguity. *Id.* at 497. On the other hand, we have explained that, when there is no question that the verdict did not award damages for injuries subject to PIP benefits, the defendant is not entitled to a reduction of the judgment under ORS 18.510(2). *Brus v. Goodell*, 119 Or App 74, 78, 849 P2d 552 (1993). In *Brus*, we stated that the purpose of the statute was not to halve what makes the plaintiff whole. *Id.*

Last, in *Mitchell v. Harris*, 123 Or App 424, 430-31, 859 P2d 1196 (1993), we noted that, where the trial court could not determine from the verdict form that the jury did or did not include an adjustment of PIP benefits, it would be mere speculation to draw any conclusions about how the jury actually calculated the plaintiff's damages. Accordingly, the trial court could not "refuse to reduce the judgment by the amount of PIP benefits received based on speculation about the basis of a jury's award of damages." *Id.* at 431.

■ In this case, plaintiff did plead and prove damages subject to PIP benefits. Those benefits consist of "payments for expenses, loss of income and loss of essential services as provided in ORS 742.524." ORS 742.520(3). Unlike in *Mitchell*, plaintiff argues not that the jury verdict already had reduced her judgment by reason of the PIP benefits, but that a reduction should not have been ordered in this case. She appears to acknowledge that on the verdict form used in this case the trial court would be required to speculate about the basis of the jury's award of damages, namely whether and to what extent the jury's award of damages included losses subject to PIP benefits. Plaintiff argues, however, that that speculation

is attributable to defendant and that, consistent with our reasoning in *Dougherty*, defendant should not benefit by the ambiguity.

In particular, plaintiff points out that she requested a verdict form that segregated the economic damages into past and present medical bills, past wage loss, loss of opportunity and loss of earning capacity, and future wage loss, loss of opportunity and loss of earning capacity. She argues that if the trial court had permitted the jury to use her verdict form, the jury could have specified what amount of economic damages were not attributable to PIP benefits, namely the future wage loss, loss of opportunity and loss of earning capacity. The trial court then could have reduced the damage award for medical bills and past losses by reason of the PIP benefits and maintained the damage award for future losses without any speculation.

We do not address whether the statute would permit us to forbid the trial court from reducing the damages award in this situation. *But see Dougherty*, 79 Or App at 495-96 (we are not permitted to read into the statute a provision that reduces the offset amount when it cannot be determined whether the jury actually awarded the plaintiffs damages already compensated for by the PIP payments). Instead, we conclude that plaintiff has failed to establish her underlying premise, that her proposed special verdict form would have eliminated any speculation on the part of the trial court. For example, ORS 742.524(1)(b) provides that PIP benefits may, under certain circumstances, consist of "loss of income from work during the period of the injured person's disability until the date the person is able to return to the person's usual occupation." Under limited circumstances, this could include future wage losses, and plaintiff has failed to designate where in the record she can demonstrate that the future losses category is entirely precluded from PIP benefits. *See York*, 159 Or App at 348. Accordingly, *Dougherty* controls, and the trial court did not err in reducing plaintiff's judgment by reason of the PIP reimbursement.

We last consider plaintiff's argument that, because that reduction diminishes plaintiff's judgment to zero, the

reduction should operate as a full *satisfaction* of the judgment and plaintiff should be considered the prevailing party. Plaintiff is correct. The trial court here ordered a reduction in plaintiff's award and by reason of that reduction considered defendant the prevailing party and entered final judgment in favor of defendant. However, ORS 18.510 provides for "payment[s] as satisfaction of judgment." The statute permits the reduction of an *entered judgment* by reason of PIP reimbursement as partial or full satisfaction of that judgment. ORS 18.510(2), (3)(c); *see Dougherty*, 79 Or App at 492 (considering the trial court's partial "satisfaction" of the judgment). Indeed, even defendant filed a "Motion for Partial (or Total) *Satisfaction* of Judgment." (Emphasis added.) Nowhere does ORS 18.510 permit the trial court to reduce the jury verdict and, *by reason of the PIP reimbursement reduction*, prevent entry of judgment in favor of plaintiff. The trial court erred in entering final judgment for defendant.

■     ORCP 68 B provides that costs and disbursements shall be allowed to the "prevailing party" unless the court otherwise directs. That statute does not define "prevailing party." However, when the underlying action is one in contract, we have adopted the definition in ORS 20.096(5): "the party in whose favor final judgment or decree is rendered." *See Selective Services, Inc.*, 126 Or App at 78. In any context, however, there is no doubt that a party prevails if she receives a verdict in her favor on all of the claims and counterclaims and receives a net damages award. *See Newell v. Weston*, 156 Or App 371, 965 P2d 1039 (1998), *rev den* 329 Or 318 (1999). That is the case here.

■     Plaintiff alleged tortious conduct, defendant did not counterclaim, and the jury verdict awarded plaintiff a net award of $5,300. As explained above, PIP reimbursements are not counterclaims or defenses. They do not reduce the verdict award but *satisfy* the judgment entered on that verdict. Plaintiff prevailed. Accordingly, judgment should be entered in favor of plaintiff, and plaintiff should be considered the "prevailing party" for purposes of ORCP 68 B. Although the trial court erred as a matter of law in designating defendant rather than plaintiff as the prevailing party, ORCP 68 B gives the trial court discretion in awarding costs to the prevailing party, and we must, therefore, remand for

reconsideration of plaintiff's costs. *Selective Services, Inc.*, 126 Or App at 79.

The trial court erred in reducing the judgment by reason of the PIP reimbursement rather than ordering that reduction as a total satisfaction of the judgment. Accordingly, we reverse the money judgment in favor of defendant, and remand for entry of final judgment in favor of plaintiff and for reconsideration of plaintiff's costs.

Reversed; remanded for entry of judgment in favor of plaintiff in amount of jury verdict, for consideration of costs award to plaintiff, and for satisfaction of judgment in amount of verdict but not costs awarded.