Argued and submitted June 12, reversed and remanded October 30, 2013

Billie Joe YORK,
*Plaintiff-Appellant,*

*v.*

Preston PAAKKONEN,
*Defendant-Respondent.*

Multnomah County Circuit Court
100811414; A151107

313 P3d 332

Michael H. Bloom argued the cause for appellant. With him on the briefs was Michael H. Bloom, P.C.

Ralph C. Spooner argued the cause for respondent. With him on the brief were Melissa J. Ward and Spooner & Much, P.C.

Before Nakamoto, Presiding Judge, and Schuman, Judge, and Egan, Judge.

EGAN, J.

## EGAN, J.

Plaintiff brought a personal injury action and obtained a jury award for her economic damages. After judgment was entered, defendant filed a motion for partial satisfaction pursuant to ORS 31.555 in which he sought to reduce the amount of the judgment by the amount that defendant's insurance carrier had previously provided to plaintiff in personal-injury-protection (PIP) benefits. Plaintiff appeals from the trial court's order directing the court clerk to enter that partial satisfaction; she contends that the trial court erred under ORS 31.555(2). Plaintiff also seeks attorney fees. For the following reasons, we reverse and remand.

The facts are not in dispute. Plaintiff was riding in a vehicle driven by defendant when it struck another vehicle. Defendant's insurer, State Farm, paid plaintiff $25,000 in PIP benefits. Those benefits, which were the maximum amount available under defendant's policy, were paid solely to cover plaintiff's medical expenses. Defendant also had liability protection under that same policy.

Plaintiff brought a negligence action against defendant, in which she prayed for $225,000 in noneconomic damages, $50,000 for future medical expenses, $45,382.57 in medical bills that she had previously incurred, and $30,000 for past and future loss of earning capacity. At trial, plaintiff proposed the use of a segregated jury verdict form, which would have specified the categories of damages as follows:

"2.   What are the plaintiff's damages?

"ANSWER:

### "Economic Damages:

"Past Medical Expenses (may not exceed $45,382.57) $_____

"Future Medical Expenses (may not exceed $50,000) $_____

"Past Loss of Earnings (may not exceed $20,000)      $_____

"Future Loss of Earnings (may not exceed $10,000)  $_____

### "Noneconomic Damages                                 $_____"

Defense counsel objected to the proposed verdict form. Although conceding that using plaintiff's proposed form

would not be in error, defense counsel urged that the trial court use a nonsegregated verdict form, *i.e.*, one that asked the jury to distinguish only between economic and noneconomic damages. After the trial court opted for defendant's nonsegregated verdict form, the jury returned a verdict specifying $45,382.57 in "[e]conomic" damages—the exact amount that plaintiff sought for past medical expenses—and no noneconomic damages.

After a general judgment was entered on the verdict, defendant moved under ORS 31.555 for a partial satisfaction of judgment in the amount of $25,000—the amount that State Farm had previously paid to plaintiff in PIP benefits. In support of that motion, defendant provided a declaration of the claims representative in charge of the liability claim against defendant, which stated that "State Farm acknowledges its obligation to make reimbursements for such PIP payments made for the medical expenses encompassed in the jury's verdict in the amount of $25,000.00." The trial court then issued an order directing the court clerk to enter a partial satisfaction of judgment in that amount. Plaintiff timely appeals from that order. *See* ORS 19.205(3) (providing that "[a]n order that is made in the action after a general judgment is entered and that affects a substantial right" may be appealed); *Dougherty v. Gelco Express Corp.*, 79 Or App 490, 492-93, 719 P2d 906 (1986) (a partial satisfaction order is an order that "affects a substantial right").

Plaintiff argues that the trial court erred under ORS 31.555 by ordering entry of the partial satisfaction. Plaintiff's assignment of error presents questions of law, and we therefore review for errors of law. *Wade v. Mahler*, 167 Or App 350, 352, 1 P3d 485, *rev den*, 331 Or 334 (2000). As relevant to this appeal, ORS 31.555(2) provides:

> "If judgment is entered against a party who is insured under a policy of liability insurance against such judgment and in favor of a party who has received benefits that have been the basis for a reimbursement payment by such insurer under ORS 742.534, the amount of the judgment shall be reduced by reason of such benefits in the manner provided in subsection (3) of this section."

"[T]he legislative purpose of [ORS 31.555] is to 'prevent the injured party from receiving payments from the PIP insurer

and the negligent party's insurer that together would be greater than the injured party's proven damages.'" *Wade*, 167 Or App at 356 (brackets omitted) (quoting *Dougherty*, 79 Or App at 495).[1]

We have previously addressed the application of that statute on several occasions. In *Dougherty*, a jury awarded the plaintiff $20,000 in general damages and $7,068.05 in special damages.[2] 79 Or App at 492. The plaintiff had previously received PIP payments to cover $5,000 in medical expenses and $9,000 in lost wages. On appeal from the entry of the defendant's requested satisfaction, the plaintiff apparently conceded that the insurer was entitled to a reduction for the $5,000 in medical PIP payments, but argued that there was no way to tell, from the nonsegregated verdict form, what portion of the $20,000 general damage award was allocable to the $9,000 that had been sought for lost wages. We first noted that the fact that "it cannot be determined what portion of the general damage award was for pretrial lost wages does not lead inexorably to the conclusion that the jury awarded [the plaintiff] less than $9,000 on that damage claim." *Id.* at 495. We then stated the *"Dougherty* rule":

"[ORS 31.555] does not provide for a reduction in the offset amount when it cannot be determined whether the jury actually awarded the plaintiff damages already compensated for by the PIP payments. Even if we were permitted to read such a provision into the statute, which we are not, ORS 174.010, we would refuse to do so, because that would permit a plaintiff to defeat the legislative purpose of avoiding double recovery by including medical expenses and/or pretrial lost wages in the general damage claim."

---

[1] ORS 31.555 was formerly numbered ORS 18.510.

[2] The terms "special" and "general" damages have been discarded in favor of, respectively, the terms "economic" and "noneconomic" damages. However, wage loss damages, which were at issue in *Dougherty*, were historically classified as general damages, even though they are now defined, by statute, as "economic," *viz.*, special, damages. ORS 31.710. Where possible, this opinion will refer to economic and noneconomic damages; however, because the categorization of certain types of damages has not remained consistent over time, we will maintain the "general" and "special" distinction recognized in the older cases where appropriate. *See generally Fatehi v. Johnson*, 207 Or App 719, 723 n 1, 143 P3d 561, *rev den*, 342 Or 116 (2006) (explaining the historical use and evolution of the terminology).

*Id.* at 495-96. Thus, when a plaintiff pleads and proves damages subject to PIP benefits, and the plaintiff "submits a verdict form from which the jury cannot tell whether the damages award includes losses subject to PIP benefits," the court must reduce the damage award under ORS 31.555. *Wade*, 167 Or App at 356.

In *Brus v. Goodell*, 119 Or App 74, 849 P2d 552 (1993), on the other hand, we determined that the record showed that there was no overlap in the damages awarded by the jury and the previously paid PIP amounts. In that case, the trial court "specifically instructed [the jury] not to include any award of damages for medical expenses or lost wages, the losses for which plaintiff received PIP payments"; the trial court also found "that plaintiff was permitted to plead and prove such damages, but clearly chose not to do so." *Id.* at 76 (internal quotation marks omitted). Accordingly, we concluded that ORS 31.555(2) and (3) only entitled a judgment debtor to obtain an offset for amounts actually received "by reason of" PIP coverage. *Id.* at 78. We also distinguished *Dougherty* by stating that

> "[*Dougherty*] concerned a situation where the plaintiff could and did claim damages at trial for some of the same losses that had been compensated by PIP benefits. We said in *Dougherty* that the statute did not provide for a reduction in the offset when it *cannot* be determined whether the PIP payments and the damages award cover overlapping losses. The application of that principle where it *can* be determined that there is no overlap makes no sense, is not compelled by the statutory language and does not advance the statutory objective."

*Brus*, 119 Or App at 78 (internal citation omitted; emphasis in original).

Finally, in *Wade*, as here, the plaintiff proposed a segregated verdict form that would have required the jury to categorize the type of economic damages awarded; as here, the defendant proposed a verdict form that only distinguished between economic and noneconomic damages. 167 Or App at 353. The trial court opted to use the defendant's form, and after the jury returned a plaintiff's verdict for $5,300 in economic damages, but before judgment was

entered, the defendant sought the entry of a partial satisfaction under ORS 31.555(2) for PIP benefits that the plaintiff had previously obtained. The plaintiff argued that the use of the defendant's nonsegregated verdict form made it impossible to determine if the jury had awarded economic damages previously compensated for by PIP benefit payments; therefore, he reasoned, the defendant was not entitled to the entry of a partial satisfaction. In assessing that argument, we observed that in *Mitchell v. Harris*, 123 Or App 424, 430-31, 859 P3d 1196 (1993),

> "we noted that, where the trial court could not determine from the verdict form that the jury did or did not include an adjustment of PIP benefits, it would be mere speculation to draw any conclusions about how the jury actually calculated the plaintiff's damages. Accordingly, the trial court could not 'refuse to reduce the judgment by the amount of PIP benefits received based on speculation about the basis of a jury's award of damages.' *Id.* at 431."

*Wade*, 167 Or App at 356.

Although the plaintiff in *Wade* acknowledged that the trial court would be required to speculate about whether the jury's award included losses subject to PIP benefits, she argued, as plaintiff here does, that such speculation was attributable to the defendant's successful objection to her proposed verdict form. We rejected that argument on the ground that the plaintiff had not demonstrated that her verdict form would have obviated the need for such speculation:

> "[PIP] benefits consist of 'payments for expenses, loss of income and loss of essential services as provided in ORS 742.524.' ORS 742.520(3). Unlike in *Mitchell*, plaintiff argues not that the jury verdict already had reduced her judgment by reason of the PIP benefits, but that a reduction should not have been ordered in this case. She appears to acknowledge that on the verdict form used in this case the trial court would be required to speculate about the basis of the jury's award of damages, namely whether and to what extent the jury's award of damages included losses subject to PIP benefits. Plaintiff argues, however, that that speculation is attributable to defendant and that, consistent with our reasoning in *Dougherty*, defendant should not benefit by the ambiguity.

"In particular, plaintiff points out that she requested a verdict form that segregated the economic damages into past and present medical bills, past wage loss, loss of opportunity and loss of earning capacity, and future wage loss, loss of opportunity and loss of earning capacity. She argues that if the trial court had permitted the jury to use her verdict form, the jury could have specified what amount of economic damages were not attributable to PIP benefits, namely the future wage loss, loss of opportunity and loss of earning capacity. The trial court then could have reduced the damage award for medical bills and past losses by reason of the PIP benefits and maintained the damage award for future losses without any speculation.

"We do not address whether the statute would permit us to forbid the trial court from reducing the damages award in this situation. *But see Dougherty,* 79 Or App at 495-96 (we are not permitted to read into the statute a provision that reduces the offset amount when it cannot be determined whether the jury actually awarded the plaintiffs damages already compensated for by the PIP payments). Instead, we conclude that plaintiff has failed to establish her underlying premise, that her proposed special verdict form would have eliminated any speculation on the part of the trial court. For example, ORS 742.524(1)(b) provides that PIP benefits may, under certain circumstances, consist of 'loss of income from work during the period of the injured person's disability until the date the person is able to return to the person's usual occupation.' Under limited circumstances, this could include future wage losses, and plaintiff has failed to designate where in the record she can demonstrate that the future losses category is entirely precluded from PIP benefits. Accordingly, *Dougherty* controls, and the trial court did not err in reducing plaintiff's judgment by reason of the PIP reimbursement."

*Wade*, 167 Or App at 356-57 (internal citation omitted).

In light of the foregoing, the first question that we must answer is whether the jury's award of $45,382.57 overlapped with those past medical PIP benefits that plaintiff had previously received. That is because defendant was entitled to a partial satisfaction to the extent that there was an overlap. ORS 31.555(2); *Dougherty*, 79 Or App at 495-96. If there was no overlap, defendant is not entitled to a partial satisfaction. *Brus*, 119 Or App at 78. If, as a third possibility,

it is impossible to tell whether there was an overlap, defendant is ordinarily entitled to entry of a partial satisfaction under the *Dougherty* rule.

Defendant urges that there was an overlap in the damages and the PIP benefits because the amount of the damage award—$45,382.57—precisely reflects the amount plaintiff sought for past medical expenses. Plaintiff responds that she sought $125,382.57 in economic damages and that, although it is possible that the jury merely awarded plaintiff damages for her past medical bills, it is also possible that some portion of the jury award was comprised of plaintiff's lost wages, future medical bills, or both. Thus, reasons plaintiff, it was necessarily "mere speculation to draw any conclusions about how the jury actually calculated the plaintiff's damages." *Wade*, 167 Or App at 356.

We disagree with defendant's assertion that the $45,382.57 jury award was unambiguously awarded for past medical expenses. As shown by defendant's concession at trial that it would not be error to use plaintiff's proposed verdict form, plaintiff put forth sufficient evidence for the jury to consider four distinct categories of damages: past and future medical expenses and past and future wage loss. Accordingly, the award could have been comprised of some combination of the aforementioned four categories. As plaintiff correctly points out, Oregon courts have long declined, in such circumstances, to attempt to divine a jury's intentions from the face value of an unspecified damage award.

In *Mullins v. Rowe et ux*, 222 Or 519, 353 P2d 861 (1960), the plaintiff requested $35,000 in noneconomic and $2,582 in economic damages on a cause of action arising from an automobile accident. There was evidence presented at trial showing that the plaintiff had spent $332 on medical services, which were appropriately classified as economic damages. The jury returned a plaintiff's verdict for $332 in noneconomic damages and no economic damages. When the verdict was returned, the plaintiff argued that a mistrial was required under the rule that an award of economic damages cannot stand without an accompanying award of "substantial" noneconomic damages. *Id.* at 521-22; *see also Williams v. Funk*, 230 Or App 142, 146, 213 P3d

1275, *rev den*, 347 Or 365 (2009) (stating rule). The plaintiff reasoned that the jury meant for the $332 award to compensate him for his medical bills, *viz.*, his economic damages. In other words, the plaintiff argued that the jury's intent—as discerned from the value of the monetary award—was to make an award of economic damages without any accompanying noneconomic damages.

The Supreme Court reversed the trial court's decision to grant a new trial. It reasoned that it was impermissible, under the Oregon Constitution, for courts to "speculate concerning the mental processes of juries." *Mullins*, 222 Or at 522. The court also stated that

> "[t]he fact that the amount of the [noneconomic] damages found by the jury and the amount of the doctor bills claimed by the plaintiff are the same lends some degree of cogency to the plaintiff's speculation concerning what may have been in the mind of the jury, but such speculation does not permit the court to set the verdict aside when there is no error of law in the record."

*Id.* at 523-24; *see also Sedillo v. City of Portland*, 234 Or 28, 380 P2d 115 (1963) ("Because the amount of the verdict was the amount of the claimed specials, we could speculate that the verdict was one only for special damages. We could also speculate with as much certainty that the jury did not find that the plaintiff was entitled to recover the entire amount of his claimed special damages but that it was unable to determine just how much of the specials he was entitled to recover."); *DeMaris v. Whittier*, 280 Or 25, 30-31, 569 P2d 605 (1977) (declining to speculate on why jury reached damage award that it did). On this record, the trial court was necessarily required—because of the nonsegregated verdict form—to speculate about the mental process the jury employed in reaching the damage figure that it did.

Given that the jury award is ambiguous in the respect that plaintiff urges, we must next determine whether defendant is entitled to a satisfaction of judgment for the $25,000 in PIP benefits by application of the *Dougherty* rule to the facts of this case. In *Dougherty*, as noted, we effectively placed the burden on the plaintiff to show that an ambiguous jury award was not intended to compensate the

plaintiff for that which PIP benefits had already been provided. We agree with plaintiff, however, that this case differs from *Dougherty* in a crucial respect. In *Dougherty*, neither party requested a segregated verdict form. 79 Or App at 494. Here, plaintiff requested a segregated verdict form, but defendant—while acknowledging that use of plaintiff's form would not be in error—requested the use of a nonsegregated form. It was the use of defendant's nonsegregated form that created the ambiguity in this case; plaintiff's form would have demonstrated whether and to what extent the jury awarded plaintiff compensation for her past medical benefits—*viz.*, the losses for which she had received PIP benefits.

It is in that crucial respect that this case also differs from *Wade*. In that case, as noted, we concluded that the plaintiff's proposed verdict form would not have cured the ambiguity in the judgment as to what category the jury awarded damages for. That is not so here; the record reveals both that State Farm had paid $25,000 in medical PIP benefits and that $25,000 was the maximum amount of benefits that plaintiff could obtain. That is, the only category of PIP benefits at issue in this case were past medical expenses; there was no possibility that State Farm would pay more PIP benefits to cover things like future lost wages. *See* ORS 742.524(1)(b); *Wade*, 167 Or App at 356-57 (stating that PIP benefits may, "[u]nder limited circumstances," consist of payments for future wage losses). Whatever amount of past medical expenses the jury chose to award would be subject to a partial satisfaction under ORS 31.555(2), up to $25,000. Thus, we agree with plaintiff that the use of her proposed verdict form would have cured any ambiguity as to what the jury awarded damages for.

That being the case, we conclude that defendant is not entitled to rely on the ambiguity to obtain a partial satisfaction of his judgment debt. It is consistent with the legislative purpose behind ORS 31.555(2)—avoiding double recoveries by plaintiffs—to encourage the use of verdict forms that conclusively demonstrate whether a jury award actually compensates a plaintiff for losses that have already been reimbursed. Moreover, as we stated in *Brus*, the statute is not intended to enable the entry of judgment satisfactions

when there has not been an overlap in PIP benefits and the jury award: "The term 'by reason of such benefits' [in ORS 31.555(2)] does not connote a dollar-for-dollar reduction equal to the amount of PIP benefits paid, whether or not the payments are for the same losses for which the damages were awarded." 119 Or App at 78. Thus, the statute's purposes are effectuated by encouraging the use of segregated verdict forms that indicate whether the resulting judgment is one to which the reduction in ORS 31.555(2) is intended to apply. Just as a plaintiff who submits an ambiguous judgment form should not be able to avoid a reduction, so too a defendant should not be able to obtain a reduction from an ambiguity of his own creation.

Were the rule otherwise, a plaintiff who wished to avoid having a judgment reduced would, pursuant to *Dougherty*, be placed in the position of having to show that a damage award did not overlap with PIP benefits. *See Koberstein v. Sierra Glass Co.*, 65 Or App 409, 671 P2d 1190 (1983), *modified on recons*, 66 Or App 883, 675 P2d 1126, *rev den*, 297 Or 83 (1984) (stating that "a plaintiff may plead and prove all of his [economic] damages, even if he has received PIP benefits"). A defendant, however, could effectively thwart a plaintiff's ability to make that showing by successfully objecting to the use of a segregated verdict form that would reveal whether there was such an overlap. We conclude that the trial court erred under ORS 31.555(2) by ordering the entry of a partial satisfaction of the judgment debt after defendant objected to the use of a verdict form that would have eliminated any ambiguity about whether the awarded damages overlapped with PIP benefits.[3]

Plaintiff next contends that the trial court erred in not awarding her attorney fees incurred in contesting defendant's motion for a partial satisfaction. For that proposition, plaintiff cites ORS 18.352, ORS 742.031, and ORS 742.061. *See Swett v. Bradbury*, 335 Or 378, 381, 67 P3d 391 (2003)

---

[3] Plaintiff argues that the trial court's order to enter a partial satisfaction of the judgment was also in error because the insurer reimbursement arrangement in this case did not satisfy ORS 31.555's requirement that such reimbursement occur pursuant to ORS 742.534. Given our conclusion on plaintiff's argument under ORS 31.555, we need not—and do not—address plaintiff's additional arguments.

("Ordinarily, a court awards attorney fees to a litigant only if a statute or contract authorizes such an award."). In rejecting plaintiff's argument, it is enough to note that ORS 18.352 addresses garnishment in insurance disputes; ORS 742.031 pertains to bankruptcy provisions in insurance contracts and actions to recover judgment amounts against insurers; and ORS 742.061 addresses an "action [that] is brought in any court of this state upon any policy of insurance of any kind or nature." Defendant's motion for a partial satisfaction of judgment does not implicate any of those statutes.

Reversed and remanded.